**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ILIS COMPUTER, INC., a Delaware corporation, Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| BlueLine International LLC, an Ohio corporation, Defendant. | : | |

## COMPLAINT

Plaintiff, ILIS Computer, Inc. ("ILIS" or "Plaintiff"), by and through its attorneys, Stradley Ronon Stevens & Young, LLP, for its complaint against defendant BlueLine International LLC ("BlueLine" or "Defendant") alleges and states as follows:

## NATURE OF THE ACTION

1. This action arises as a result of and is compelled by Defendant's breach of a confidentiality agreement entered into between Plaintiff and Defendant in connection with certain proprietary and confidential information developed, created and owned by Plaintiff ILIS. That information relates to a website that ILIS has been developing and designing, in part with the contracted assistance of Defendant BlueLine.

2. ILIS has information and has a strong belief that BlueLine has improperly disclosed some or all of the proprietary and confidential information owned by ILIS.

3. Indeed, Defendant appears to be continuing the improper disclosure of ILIS' confidential information in direct violation of the confidentiality agreement, even after ILIS put BlueLine on notice of concern about improper disclosure and breach of the agreement.

## THE PARTIES

4. Plaintiff ILIS is a corporation duly-created and existing under the laws of the State of Delaware, and having its principal place of business in Wilmington, Delaware.

5. On information and belief, Defendant BlueLine is a corporation created and existing under the laws of Ohio, having a principal place of business at 1029 Dublin Road, Columbus, Ohio.

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), through diversity of citizenship, because Plaintiff is a citizen of the State of Delaware and, upon information and belief, Defendant is an Ohio corporation having a principal place of business in Ohio.

7. Plaintiff ILIS represents that the amount in controversy in this matter exceeds $250,000, exclusive of interest and costs.

8. This Court may exercise personal jurisdiction over the Defendant pursuant to the Delaware Long-Arm Statute, 10 Del. C. § 3104(c). Specifically, Defendant is subject to personal jurisdiction in the State of Delaware pursuant to 10 Del. C. § 3104(c)(1) (transacting any business or performing any character of work or service in the State of Delaware) and § 3104(c)(2) (contracting to supply services or things in the State of Delaware).

9. On information and belief, Defendant is further subject to personal jurisdiction pursuant to § 3104(c)(3) (causing tortious injury in the State of Delaware by its breaching actions in the State), and § 3104(c)(4) (causing tortious injury in or outside of the State of Delaware by its breaching actions outside the State and regularly soliciting business and deriving substantial revenue from services or things used or consumed in the State).

10. On information and belief, Defendant also has marketed its products to citizens of the State of Delaware, in addition to Plaintiff, and has conducted its breaching activity within the State of Delaware.

11. Venue within the District of Delaware is proper under 28 U.S.C. § 1391.

**PLAINTIFF'S PROPRIETARY AND CONFIDENTIAL INFORMATION**

12. Plaintiff manufactures quality ILIS™ Computer desktops, notebooks and accessories for use in home, office, business, corporate, government and education.

13. In addition, Plaintiff owns and has been continuing development and design of a website that Plaintiff intends to use to merchandise, advertise, and sell its computers and computer accessories.

14. On or about June 10, 2005, Plaintiff and Defendant entered into an agreement whereby Defendant agreed to assist in the implementation of website/e-Commerce solution for Plaintiff.

15. More at point to this matter, Plaintiff and Defendant entered into a separate confidentiality and non-disclosure agreement, dated June 20, 2005 (the "Confidentiality Agreement") through which Plaintiff ILIS agreed to disclose certain confidential and proprietary information to Defendant BlueLine that BlueLine would be able to use solely for the purposes of assisting ILIS in its website development.

16. Tareq Bhuiyan, an officer for the Defendant and the Project Manager responsible for the work on Plaintiff's website, signed the agreement on behalf of the Defendant. A copy of the Confidentiality Agreement is attached hereto as Exhibit A.

17. Pursuant to the Confidentiality Agreement, Plaintiff agreed to provide Defendant with confidential information relating to certain ideas, inventions or products of the

Plaintiff for the purpose of determining whether such products or ideas could be developed, sold or manufactured.

18. Defendant agreed to review, examine, or obtain such confidential information *only for the purposes* described above, and to otherwise hold this information confidential subject to the terms of the Confidentiality Agreement.

19. Among other things, the Defendant also agreed to hold in trust and confidence all confidential or proprietary information or trade secrets and agreed that this information should be used only for the purposes set forth in the agreement.

20. Furthermore, Defendant agreed that Plaintiff's confidential and proprietary information would not be disclosed *to any employee, consultant or third party* unless such individuals were *first* approved by the Plaintiff and these individuals agreed to execute and be bound by the terms of the Confidentiality Agreement. *See* Confidentiality Agreement, ¶4.

## DEFENDANT'S BREACHING CONDUCT

21. A primary and valuable asset of Plaintiff ILIS is the intellectual property, confidential and proprietary information design (the "ILIS Proprietary Data"), created and owned by ILIS relating to a system and methodology for the marketing and sale of ILIS computers and computer accessories.

22. This ILIS Proprietary Data was disclosed to Defendant under the specific restrictions provided under the Confidentiality Agreement.

23. Defendant, in direct violation and breach of the Confidentiality Agreement, has allowed unauthorized third parties to access this information.

24. Specifically, Plaintiff has learned that Defendant has allowed unauthorized access by third parties, some of whom do not appear to be employees of Defendant, to portions

of or all of the ILIS Proprietary Data, even though these individuals have never executed or agreed to be bound by the Confidentiality Agreement nor were these individuals ever approved by Plaintiff to access this proprietary information.

25. The Confidentiality Agreement explicitly provides that any employees or consultants of BlueLine or any third parties who may have access to the ILIS Proprietary Data must be approved by ILIS and must agree to be bound by the provisions of the Confidentiality Agreement. *See* Confidentiality Agreement, ¶4.

26. While reviewing certain features of its website being developed by Defendant, Plaintiff ILIS discovered the names of several individuals embedded in the computer code of Plaintiff's website. These individuals were not known to ILIS and have never been approved by ILIS to have access to the ILIS Proprietary Data.

27. Upon discovering this improper disclosure of ILIS data and information, Plaintiff confronted Defendant, specifically asking the Defendant if unauthorized third parties had been given access to proprietary information.

28. In particular, Plaintiff requested that Defendant identify any and all individuals who have had access to ILIS Proprietary Data. Defendant refused to provide a complete and candid list disclosing all of its employees or contractors who had access to the ILIS Proprietary Data.

29. Through its own research, Plaintiff was able to determine a listing of many parties who had accessed the ILIS Proprietary Data based upon electronic "signatures" that appear in the coding relating to the ILIS website. A copy of an email, dated April 16, 2007, between Bob Ilis and Mr. Tareq Bhuiyan, Program Manager for BlueLine, that relates to this issue is attached hereto as Exhibit B.

30. Importantly, Plaintiff has information and strongly believes that the individuals who are listed and highlighted on Exhibit B represent only a portion of the total number of individuals who have, without approval by ILIS, had access to the ILIS Proprietary Data.

31. In addition, excluding Mr. Tareq Bhuiyan, the remaining seven people who are listed in Mr. Bhuiyan's email have never been approved by ILIS to have access to the ILIS Proprietary Data, as specifically required under the Confidentiality Agreement.

32. Plaintiff has also discovered the names of third party companies, other than ILIS or BlueLine, that are embedded in the website code relating to Plaintiff's website.

33. These third party company names found in the ILIS website coding shows that Defendant has incorporated information and / or computer code from other websites without ILIS' authorization of or consent to incorporate this information into Plaintiff's website.

34. Plaintiff believes that the use by BlueLine of third party code in the ILIS website was very likely without the permission of the owner of such proprietary information.

35. The Defendant's actions in this regard have likely exposed the Plaintiff to liability to the rightful owners of this proprietary information.

36. On information and belief, the breaching conduct by the Defendant has been knowing, willful and deliberate.

37. Defendant BlueLine's continued improper disclosure of the ILIS Proprietary Data to unapproved third parties will cause harm to ILIS and damage ILIS' intellectual property.

38. The breaching conduct by the Defendant has been designed and maintained to take advantage of the Plaintiff's innovative and proprietary information.

39. If BlueLine's improper conduct and disclosures are not stopped, such conduct will cause irreparable harm to the Plaintiff.

**COUNT ONE**
**BREACH OF CONFIDENTIALITY AGREEMENT**

40. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 39 of this Complaint, as if fully set forth herein.

41. The actions by and conduct of the Defendant constitute a breach of the Confidentiality Agreement entered into between the Defendant and the Plaintiff.

42. Defendant BlueLine's breach of the Confidentiality Agreement has and will continue to result in disclosure of Plaintiff's confidential and proprietary information to unauthorized third parties.

43. Defendant BlueLine's acts have caused irreparable damage and injury to Plaintiff and are likely to continue to cause irreparable injury to Plaintiff unless Defendant is enjoined and restrained by this Court from further improper disclosure of Plaintiff's confidential and proprietary information to third parties.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff ILIS demands judgment in its favor and against defendant BlueLine as follows:

A. For a permanent injunction against Defendant to cease use or disclosure of any information, data, code, materials or documents obtained from or relating to ILIS.

B. For judgment that the Confidentiality Agreement has been breached by Defendant.

C. For judgment that the acts of Defendant constitute an improper disclosure of ILIS' proprietary information.

D. For judgment that the acts of Defendant to improperly disclose ILIS' proprietary information have damaged ILIS.

E. For an assessment of damages to be awarded to ILIS and against Defendant proximately caused by Defendant's deliberate, willful and knowing breach of the Confidentiality Agreement.

F. For an award to Plaintiff of its reasonable attorneys' fees.

G. For an award to Plaintiff of its costs in this action plus interest on all monetary damages awarded.

H. For judgment that the Plaintiff shall have no liability – either civilly or criminally – for the acts of Defendant whereby Defendant has incorporated proprietary information (a/k/a source code) of parties other than the Plaintiff into the computer code appearing on Plaintiff's website, without the prior knowledge or consent of Plaintiff ILIS.

I. For such other and further relief as this Court deems just, fair and reasonable.

Respectfully submitted,

Stradley Ronon Stevens & Young, LLP

Dated: May 24, 2007

Michael P. Migliore

Kevin W. Goldstein (DE Bar # 2967)
Michael P. Migliore (DE Bar # 4331)
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Phone: (302) 576-5850
Facsimile: (302) 576-5858

Attorneys for Plaintiff
ILIS Computer, Inc.

# Exhibit A

# CONFIDENTIALITY AND NONDISCLOSURE AGREEMENT

**WHEREAS**, ILIS Computer Inc., agrees to furnish, Tareq Bhuiyan of BlueLine International LLC. certain confidential information relating to ideas, inventions or products for the purposes of determining an interest in developing, manufacturing, selling and/or joint venturing;

**WHEREAS**, Tareq Bhuiyan of BlueLine International LLC. agrees to review, examine, inspect or obtain such confidential information only for the purposes described above, and to otherwise hold such information confidential pursuant to the terms of this Agreement.

**BE IT KNOWN**, that ILIS Computer Inc. has or shall furnish to Tareq Bhuiyan of BlueLine International LLC. certain confidential information and may further allow Tareq Bhuiyan of BlueLine International LLC. the right to discuss or interview representatives of ILIS Computer Inc. on the following conditions:

1. Tareq Bhuiyan of BlueLine International LLC. agrees to hold confidential or proprietary information or trade secrets ("confidential information") in trust and confidence and agrees that it shall be used only for the contemplated purposes, shall not be used for any other purpose, or disclosed to any third party.

2. No copies will be made or retained of any written information or prototypes supplied without the permission of ILIS Computer Inc.

3. At the conclusion of any discussions, or upon demand by ILIS Computer Inc., all confidential information, including prototypes, written notes, photographs, sketches, models, memoranda or notes taken shall be returned to ILIS Computer Inc..

4. Confidential information shall not be disclosed to any employee, consultant or third party unless they agree to execute and be bound by the terms of this Agreement, and have been approved by ILIS Computer Inc..

**AGREED AND ACCEPTED BY:**

Date: 6-20-2005

By: TAREQ BHUIYAN [signature]

Title: Project Manager

# Exhibit B

**Mail in Folder:**

| | |
|---|---|
| Subject | RE: Important Information |
| From | bob.ilis@iliscomputer.com |
| To | tbhuiyan@bluelineit.com |
| CC | rkhan@bluelineit.com, bob.ilis@iliscomputer.com |
| BCC | |
| Sent on | 04/16/2007 11:15 PM |
| Size | 21 KB |
| Priority | Normal |

Dear Tareq,

Thank you for your response. When I talked to you last time, I did tell you that we will probably have some additional questions before we can evaluate the situation. My questions to you about who worked on the project so far were from March 22nd, which have not been answered till this e-mail. In our last meeting we agreed that, we are not going to argue about any position, and that I am going to listen to whatever you came up in your detailed research about our relationship. And that was exactly what I did. I was listening to your 3 options that you came up with and which you called very fair. So, I did not mention the questions again, as I did not many other still pending ones, but I did tell you that we will have questions - whether old ones re-asked or new ones.

I absolutely understand Mr. Reza Khan's impatience. However, at the same time, I imagine that as a CEO Mr. Khan is interested in knowing all the details of the situation, which would enable him to draw his own conclusions. Bringing more than 1.5 years on a piece of paper is not an overnight job. And, you must understand that our first priority lies in manouvering ourselves out of the situation that YOU put us in and trying to survive.

You gave us 3 options in our last meeting, all of which were payment related and stated that you worked hard and want the money in the way you mentioned it. But, you never ever, asked or let us feel that you also care about our end... About where we stand, about the fact that through giving us an incomplete and totally disfunctional website we cannot do business... and many other problems.

Yes, it is a serious statement that we worry and are concerned about our business idea being stolen or reproduced in whatever way. And, I believe you would be too. But, at the same time we are not accusing you or your company of having a leak, nor would we ever do this without facts. You, however, are saying below that you do not appreciate that we are questioning things that may impact our existance... This shows, that although BlueLine is preventing us to start our company, by giving us an unacceptable website, you still expect us to trust you blindly and not question any potential problems. As I mentioned it earlier, trust is earned - not given, we had it in you, but lost it! Therefore, our questioning is legit and of existential nature, whether you appreciate it or not.

In the e-mail below you are meking the statement: "..My partner and the CEO of the company Raza Khan is getting quite impatient with me at this point as we need to collect our unpaid balance from you ASAP. I will be sending you out the official invoice so we can be paid as per the agreement immediately...."

In here you are saying you want to be paid ASAP.... immediatelly.... But, do you realize that there are features for our website that we agreed do be developed in May 2006, which we paid 50% by the end of that month, just as agreed ... do you realize that you never started them, but constantly told us (to me, Kurt, ...) that you are working on them and that they will be uploaded on the test server soon. When we then turned our 2 big Feedbacks into eTickets beginning this year, we were shocked to realize that 8 or 9 months later you still haven't started working on the agreed features.

Furthermore, in the e-mail below you are saying: "... so we can be paid as per the agreement immediatelly...." I have never heard about nor read such an agreement., let alone agreeing to it. Please explain where you have this term from.

We will get in touch with you soon.

Thanks.

Regards,

Bob

Dear Bob,

Hope you had a great weekend. I am getting a little confused with your email that I got. As per your promise, I was expecting your decision by Thursday on what is the next step and after talking to you in

detail about everything on last Tuesday (April 10th), now you are asking about who worked on your project and also you are providing deadline for it. If it was that important why did you never mention it in any of our phone communication?

To accuse that we may have leaked your idea to other companies is pretty serious allegation and we don't appreciate it. We have worked extremely hard on your project and no one from our company has and will never share your business idea with anyone. My partner and the CEO of the company Raza Khan is getting quite impatient with me at this point as we need to collect our unpaid balance from you ASAP. I will be sending you out the official invoice so we can be paid as per the agreement immediately. I still want to end the relationship in a friendly manner and I hope that you will take it that way. Otherwise, we are also getting ready at our end to take appropriate actions.

Eight people worked on your project and I am providing those names below. All these people are still working with BlueLine.

* {
Tareq Bhuiyan Project Manager
Brent Herb Project coordinator
Rehan Farooqi Technical Lead/Developer
Muhammad Sami Ahmed Developer
Sanjay Kumar Developer
Ahmer Khan Test Lead
Rahat Ali Tester
Naureen Shamim Tester
} *

Here is the company management information:

Raza Khan, MBA (CEO & Co-Founder)
Tareq Bhuiyan, MBA (Co-Founder)
BlueLine International LLC
1029 Dublin Rd,
Columbus OH 43215
Ph: 614-488-8094
Fax: 614-455-0990

If you need to discuss anything, please let me know as soon as possible. Also let me know a concrete date when I will receive information on the next course of action. Take care.

Regards,
Tareq Bhuiyan, MBA
BlueLine International LLC
1029 Dublin Rd,
Columbus OH 43215
Ph: 614-488-8094
Fax: 614-455-0990
www.bluelineit.com

**From:** bob.ilis@iliscomputer.com [mailto:bob.ilis@iliscomputer.com]
**Sent:** Sunday, April 15, 2007 7:48 PM
**To:** tbhuiyan@bluelineit.com
**Cc:** bobilis@gmx.ch; bob.ilis@iliscomputer.com
**Subject:** Important Information
**Importance:** High

Dear Tareq,

I am getting back to you in regards to several questions.

On March 22nd, I sent a document to you and Rehan trying to again explain the urgency and the frightening concerns we had about the website. For there in mentioned reasons, we also asked you several very important questions regarding who has worked on our website project since we started working with you, their back grounds, as well as their status/employment relationship with BlueLine.

We still haven't gotten any answers in those regards, and kindly ask you again to respond in the next two days.

Furthermore, we request the detailed contact information of all principals of BlueLine International, LLC, its Managing Director(s), as well as your direct supervisor and his/her position within the organization.

Please provide us with the information above by end of the day on Tuesday, April 17, 2007. This information is essential for our report on the situation with BlueLine and its work on the ILIS website.

Please confirm the receipt of this e-mail.

Thank you.

Regards,

Bob

President | ILIS Inc.
Wilmington, DE 19803

Print

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Ilis Computer, Inc.,

a Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff: New Castle County

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Stradley Ronon Stevens & Young, LLC
300 Delaware Avenue, Ste. 800
Wilmington, DE 19801 (302) 576-5850

## DEFENDANTS

BlueLine International LLC,

County of Residence of First Listed Defendant: Franklin County

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

Not Known.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☒ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. Section 1332

Brief description of cause:
Breach of proprietary and confidentiality information and nondisclosure agreement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** In excess of $250,000

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): None

JUDGE ______ DOCKET NUMBER ______

DATE May 24, 2007

SIGNATURE OF ATTORNEY OF RECORD Michael P. Migliore

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-285

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

2007 MAY 24 PM 12:33

DISTRICT OF DELAWARE

I HEREBY ACKNOWLEDGE RECEIPT OF 2 COPIES OF AO FORM 85.

MAY 24 2007
(Date forms issued)

Michael P. Migliore on behalf of ILIS Computer, Inc.
(Signature of Party or their Representative)

Michael P. Migliore on behalf of ILIS Computer Inc.
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action