# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILIS COMPUTER, INC., | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 07-285 JJF |
| v. | : | |
| | : | |
| BlueLine International LLC, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## RESPONSE OF ILIS COMPUTER, INC. IN OPPOSITION TO MOTION OF
## BLUELINE INTERNATIONAL, LLC TO DISMISS OR TRANSFER

Kevin W. Goldstein (DE Bar # 2967)
Michael P. Migliore (DE Bar # 4331)
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: (302) 576-5850
Facsimile: (302) 576-5858

Attorneys for Plaintiff
ILIS Computer, Inc.

Dated: July 19, 2007

B # 655751 v.3

## TABLE OF CONTENTS

I. INTRODUCTION...................................................................................1

II. STATEMENT OF FACTS.....................................................................1

    a.    The Confidentiality Agreement in Dispute In This Matter...........................1

    b.    Facts Relevant to Jurisdiction......................................................3

    c.    The Damage Caused to ILIS Far Exceeds the Statutory Minimum...................4

III. ARGUMENT.......................................................................................5

    A. BlueLine's Contacts with Delaware are More than Sufficient to Satisfy the
       Requirements of the Delaware Long-Arm Statute and the Due Process Clause......5

        i.    Relevant Legal Standards........................................................5

        ii.    The Two-Step Test for Personal Jurisdiction................................6

            Step 1:  The Delaware Long-Arm Statute.....................................6

            a.    Delaware's Long-Arm Statute Confers Personal Jurisdiction
                Over BlueLine.............................................................6

                (a) General Jurisdiction.............................................8

                (b) Specific Jurisdiction.............................................8

                (c) The Record Evidence Firmly Supports The Exercise of
                    Specific Jurisdiction Over BlueLine............................9

            Step 2:  Constitutional Due Process.........................................10

            b.    Personal Jurisdiction over BlueLine Comports with Due
                Process Principles and the Exercise of Jurisdiction over
                BlueLine is Reasonable...............................................12

    B. Should the Court Believe that Personal Jurisdiction is Lacking Based on the
       Facts Presently Before the Court, Plaintiff Should Be Granted an Opportunity to
       Conduct Limited Jurisdictional Discovery.........................................14

    C. Plaintiff's Choice of Venue is Proper under 28 U.S.C. § 1391(c)....................16

CONCLUSION.........................................................................................21

i

# TABLE OF AUTHORITIES

## CASES

*Arabian v. Bowen,*
  1992 U.S. App. LEXIS *2-3 (4th Cir. 1992) ......................................................16

*Bergman v. Branin,*
  512 F. Supp. 972 (D. Del. 1981) .......................................................................16

*Boone v. Oy PartekAb,*
  724 A.2d 1150, 1158 (Del. Super. Ct. 1997) ......................................................8

*Burger King Corp. v. Radzewicz,*
  417 U.S. 462 (1985) ................................................................................8, 12

*Cent. Freight Lines, Inc. v. APA Transport Corp.,*
  322 F.3d 376 (5th Cir. 2003) ..........................................................................12

*Chr. Sci. Bd. of Dir. of the First Church of Christ, Scientist v. Nolan,*
  259 F.3d 209 (Fed. Cir. 2001) ......................................................................12, 13

*Compuserve, Inc. v. Patterson,*
  89 F.3d 1257, 1265 (6th Cir. 1996) .................................................................15

*Computer People, Inc. v. Best Intern. Group, Inc.,*
  1999 WL 288119 (Del. Ch. Apr. 27, 1999) .........................................................7

*Core-Vent Corp. v. Nobel Indus. AB,*
  11 F.3d 1482 (9th Cir. 1993) ..........................................................................12

*Derry Finance N.V. v. Christiana Cos., Inc.,*
  555 F. Supp. 1043 (D. Del. 1983) ................................................................20, 21

*Dow v. Jones,*
  232 F. Supp. 2d 491 (D. Md. 2002) ...............................................................17, 20

*Eaton v. Dorchester Dev., Inc.,*
  692 F.2d 727 (11th Cir. 1982) ........................................................................14

*GTE New Media Servs. v. BellSouth Corp.,*
  199 F.3d 1343 (D.C. Cir. 2000) ........................................................................14

*Gulf Oil Corp. v. Gilbert,*
  330 U.S. 501, 508 (1947) ................................................................................17

*Hanson v. Denckla,*
  357 U.S. 235 (1958), *reh'g denied* 358 U.S. 858 (1958) .....................................11

B # 655751 v.3

*Helsel v. Tishman Realty & Constr. Co.,*
    198 F. Supp. 2d 710 (D. Md. 2002)....................................................................17, 20, 21

*Holland v. Psychological Assessment Resources, Inc.,*
    2004 WL 964201 (D. Md. Apr. 27, 2004).....................................................................20, 21

*Hoover Group, Inc. v. Custom Metalcraft, Inc.,*
    84 F.3d 1408 (Fed. Cir. 1996) ..............................................................................16

*In Re M.L.-Lee Acquisition Fund II, L.P.,*
    816 F. Supp. 973 (D. Del. 1993)............................................................................16

*Inamed Corp. v. Kuzmak,*
    249 F.3d 1356 (Fed. Cir. 2001) .............................................................................12

*Int'l Shoe Co. v. Washington,*
    326 U.S. 310 (1945).......................................................................................11, 15

*Jumara v. State Farm Ins. Co.,*
    55 F.3d 873 (3d Cir. 1995).................................................................................16-17

*LaNuova D & B S.p.A. v. Bowe Co.,*
    513 A.2d 764 (Del. 1986) ......................................................................................7

*McGee v. Int'l Life Ins., Co.,*
    355 U.S. 220 (1957)............................................................................................15

*Merck v. Barr,*
    179 F. Supp. 2d 368 (D. Del. 2002).......................................................................8, 10

*Moore v. Little Giant Indus., Inc.,*
    513 F.Supp. 1043 (D. Del. 1981), *aff'd* 681 F.2d 807 (3d Cir. 1982) ........................................8

*Mylan Labs., Inc. v. Akzo, N.V.,*
    2 F.3d 56 (4th Cir. 1993) ......................................................................................5

*Padcom, Inc. v. NetMotion Wireless, Inc.,*
    2004 WL 1192641 (D. Del. May 24, 2004) ............................................................... Passim

*Panavision Int'l L.P. v. Toeppen,*
    141 F.3d 1316 (9th Cir. 1998) ...............................................................................12

*Piper Aircraft Co. v. Reyno,*
    454 U.S. 235 (1981)............................................................................................16

*Quality Inns Int'l, Inc. v. Patel,*
    1988 WL 137782 (D. Md. Dec. 8, 1988).....................................................................21

iii

*Shutte v. Armco Steel Corp.,*
   431 F.2d 22, 23 (3d Cir. 1970) ..............................................................16

*Siemens Aktiengesellschaft v. LG Semicon Co., Ltd.,*
   69 F. Supp. 2d 622 (D. Del. 1999)...............................5, 6, 7, 8, 10, 11

*Stratagene v. Parsons Behle & Latimer,*
   315 F. Supp. 2d 765 (D. Md. 2004)................................................17, 18

*Thorn EMI N. Am. v. Micron Tech., Inc.,*
   821 F. Supp. 272 (D. Del. 1993) ...........................................................7, 8

*Toys "R" Us, Inc. v. Step Two, S.A.,*
   318 F.3d 446 (3d Cir. 2003) .....................................................5, 8, 9, 14

*VE Holding Corp. v. Johnson Gas Appliance Co.,*
   917 F.2d 1574, 1584 (Fed. Cir. 1990) ...................................................16

*Virgin Wireless, Inc. v. Virgin Enters., Ltd.,*
   201 F. Supp. 2d 294 (D. Del. 2002)........................................................11

*Waters v. Deutz Corp.,*
   460 A.2d 1332, 1335 (Del. Super. 1983) ................................................8

*World-Wide Volkswagen Corp. v. Woodson,*
   444 U.S. 286 (1980)..................................................................................11

*Zippo Mfg. Co. v. Zippo Dot Com, Inc.,*
   952 F. Supp. 1119 (W.D. Pa. 1997)......................................8, 9, 10, 15

**STATUTES**

10 *Del. C.* § 3104(c) .........................................................................................6-7

**RULES**

Fed. R. Civ. P. 4(k)(l)(A)................................................................................11

Fed. R. Civ. P. 12(b)(2) ...................................................................................5

**CODES**

28 U.S.C. § 1332...........................................................................................4, 5

28 U.S.C. § 1391............................................................................................16

28 U.S.C. § 1391(c) .......................................................................................16

28 U.S.C. § 1404.......................................................................................16, 18

iv

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff ILIS Computer, Inc. ("ILIS"), a Delaware corporation, filed a complaint on May 24, 2007 (D.I. #1; 5/24/07), against BlueLine International, LLC ("BlueLine"), an Ohio limited liability company, based upon BlueLine's wrongful disclosure of ILIS' proprietary information in direct violation of a confidentiality agreement entered into between ILIS and BlueLine.

Defendant BlueLine filed a motion to dismiss or transfer the matter (and brief in support thereof) on July 5, 2007 (D.I. #s 4, 5; 7/5/07) ("Defendant's Motion").

Plaintiff ILIS now files this brief and supporting documents in response to Defendant's Motion.

## SUMMARY OF PLAINTIFF'S ARGUMENT

1.      As set forth in detail in Plaintiff's Complaint, this action arises as a result of and is compelled by Defendant's breach of a confidentiality agreement entered into between Plaintiff ILIS and Defendant BlueLine in connection with certain proprietary and confidential information created, developed and owned by ILIS.  BlueLine's improper conduct has caused substantial harm to ILIS.

2.      BlueLine's motion and arguments to dismiss this case for alleged lack of personal jurisdiction or to transfer it to the District of Ohio are not supported by either the facts of this case or the applicable legal authority.

3.      Jurisdiction in this District is proper pursuant to 28 U.S.C. § 1332 as ILIS is a Delaware corporation and BlueLine is an Ohio limited liability company.  Furthermore, ILIS has sustained damages as a direct result of BlueLine's breach of the parties' confidentiality agreement that far exceed the minimum "amount in controversy" required under 28 U.S.C. § 1332.

4.      The exercise of personal jurisdiction by this Court over Defendant BlueLine is not only proper, but is mandated under the circumstances present in this matter.  Specifically, BlueLine's contacts with Delaware are more than sufficient to satisfy the requirements of the Delaware Long-Arm Statute, 10 Del. C. § 3104(c) and the Due Process Clause.

5.      In particular, BlueLine has transacted business on a continuous and ongoing-basis in Delaware for approximately 2 years and, by its own admission, BlueLine's client base in Delaware has increased since it first contracted with ILIS in 2005.  In fact, BlueLine has admitted that it has clients and serves clients throughout the State of Delaware.  Accordingly, BlueLine's transactions in Delaware demonstrate that BlueLine has directed its services to the

citizens of Delaware, and has conducted substantial, continuous, and on-going business with ILIS and others in the State of Delaware.  Consequently, BlueLine's conduct and connection with Delaware are such that it is reasonable for BlueLine to have anticipated being haled into court in Delaware.

      6.    BlueLine has failed to meet its burden necessary to prevail on a motion to transfer under 28 U.S.C. § 1404 by failing to establish that the balance of convenience and the interests of justice weigh strongly in favor of BlueLine and a transfer to the District of Ohio. Accordingly, BlueLine's motion should be denied.

# I. INTRODUCTION

Plaintiff, ILIS Computer, Inc. ("ILIS" or "Plaintiff"), by and through its attorneys, Stradley Ronon Stevens & Young, LLP, hereby responds to the Motion, and brief in support thereof, by BlueLine International, LLC ("BlueLine" or "Defendant") to Dismiss or Transfer.

BlueLine's motion and arguments to dismiss this case for alleged lack of personal jurisdiction or to transfer it to the District of Ohio are not supported by either the facts of this case or the applicable legal authority. Accordingly, Ilis respectfully requests that the Court deny BlueLine's motion and allow this matter to proceed through discovery and be prepared for a trial on the merits.

# II. STATEMENT OF FACTS

*a.*    *The Confidentiality Agreement in Dispute In This Matter*

As set forth in detail in Plaintiff's Complaint, this action arises as a result of and is compelled by Defendant's breach of a confidentiality agreement entered into between Plaintiff and Defendant in connection with certain proprietary and confidential information created, developed and owned by Plaintiff ILIS.

Plaintiff manufactures quality ILIS™ Computer desktops, notebooks and accessories for use in home, office, business, corporate, government and education. In particular, Plaintiff owns and has been continuing development and design of a website that Plaintiff intends to use to merchandise, advertise, and sell its computers and computer accessories.

On or about June 10, 2005, Plaintiff and Defendant entered into an agreement whereby Defendant agreed to assist in the implementation of a website/e-Commerce solution for Plaintiff.

Thereafter, Plaintiff and Defendant entered into a separate confidentiality and non-disclosure agreement, dated June 20, 2005 (the "Confidentiality Agreement") under which Plaintiff agreed to provide Defendant with confidential information relating to certain trade

secrets, ideas, inventions or products of the Plaintiff for the purpose of determining whether such intellectual property could be developed, sold, manufactured, and/or joint ventured by the parties. A true and accurate copy of the Confidentiality Agreement is attached hereto as Exhibit A.

As provided in the Confidentiality Agreement, Defendant agreed to review, examine, or obtain such confidential information *only for the purposes* described above, and to otherwise hold this information confidential subject to the terms of the Confidentiality Agreement. Among other things, the Defendant also agreed to hold in trust and confidence all ILIS confidential or proprietary information or trade secrets and agreed that this information would be used only for the purposes set forth in the agreement.

As alleged in the Complaint, the Confidentiality Agreement is the agreement at issue in this matter between the parties. In this matter, ILIS has not raised any issue relating to the separate website development contract. BlueLine's reference to the website development contract is simply not relevant to the Confidentiality Agreement or to this matter. Nonetheless, no matter which agreement is looked at, jurisdiction is proper in the State of Delaware for the reasons provided herein.[1]

More specifically, BlueLine, in direct violation of the Confidentiality Agreement, has allowed unauthorized third parties to access ILIS' proprietary information. Moreover, ILIS contends that BlueLine has improperly disclosed to the public (and impermissibly allowed access to), and continues to allow such public disclosure and access to some or all of ILIS'

---

[1] BlueLine incorrectly refers to a separate agreement between ILIS and BlueLine related to ILIS' website. This, however, is not the agreement in dispute between the parties – it is the Confidentiality Agreement that is in dispute. Notwithstanding this, to clarify the record, the copy of the agreement between ILIS and BlueLine related to ILIS' website that has been attached to the *Declaration of Tareq Bhuiyan* is an incomplete, partial copy.

proprietary and confidential information provided to BlueLine under the Confidentiality Agreement.

Despite ILIS' warnings and notice to BlueLine, as well as its demand that BlueLine cease and desist such improper public disclosure, BlueLine continues to allow such improper disclosure of ILIS' confidential information in violation of the Confidentiality Agreement.

**b.**    ***Facts Relevant to Jurisdiction***

Plaintiff ILIS is a corporation duly-created and existing under the laws of the State of Delaware having its principal place of business in Wilmington, Delaware.  Defendant BlueLine is an Ohio corporation.[2] According to its own advertising, BlueLine has a substantial presence and foothold in many states across the United States. (*See* the BlueLine website www.bluelineit.com/about_us.php, a true and accurate copy of which is attached hereto as Exhibit B).  More specifically, BlueLine notes that it has clients and serves clients in New York, Alabama, North Dakota, South Dakota, Minnesota, Maryland, New Jersey, ***Delaware***, Ohio and many other states.  Indeed, BlueLine boasts that it has clients and serves clients in Georgetown, Delaware; Dover, Delaware; Milford, Delaware; New Castle, Delaware, Newark, Delaware; Seaford, Delaware; and Wilmington, Delaware. (*See* Exhibit B).  Plainly, BlueLine, by its own admission has developed a very substantial presence in the State of Delaware.

BlueLine seems to want to ignore, or dodge, its own advertising, and would have the Court believe that BlueLine's connections with Delaware are limited to just "two transactions." Such is hardly the case, and is either an unintentional misstatement or, worse, lacks candor in its presentation made to this Court.

---

[2] *See Declaration of Tareq Bhuiyan* at ¶1.

3

Specifically with respect to ILIS, BlueLine has transacted business on a continuous and ongoing-basis in Delaware for approximately 2 years. Further, by its own admission, BlueLine's client base in Delaware has increased since it first contracted with ILIS in 2005. *See* Exhibit C, *Declaration of Tareq Bhuiyan*. These transactions show that BlueLine has directed its services to the citizens of Delaware and has conducted substantial, continuous, and on-going business with ILIS and others in the State of Delaware.

    c.    ***The Damage Caused to ILIS Far Exceeds the Statutory Minimum***

BlueLine argues in its motion that ILIS cannot possibly have incurred damages in excess of the mandatory $75,000 limit required under 28 U.S.C. § 1332 simply because ILIS is a "start up" company. Defendant is wrong. The damages to ILIS at the time it filed its complaint were in excess of $250,000 - clearly satisfying the statutory requirement of 28 U.S.C. § 1332. Furthermore, ILIS' damages have continued to accrue since the time the Complaint was filed.

BlueLine erroneously concentrates on the fact that ILIS is a start-up company and has not begun selling its products to support its contention that ILIS has not met the "amount in controversy" requirement necessary for diversity jurisdiction. However, this line of reasoning conveniently overlooks that ILIS has been unable to launch its business and to begin selling its products as a result of BlueLine's conduct and, particularly, BlueLine's failure to cooperate with ILIS to determine the breadth of disclosure and continued disclosure of ILIS' proprietary information (and the resulting damage to ILIS).

Furthermore, the public disclosure by BlueLine of at least portions of the ILIS website, and thus public disclosure of portions of ILIS' proprietary data has opened any ILIS trade secrets to attack of no longer being secret, and thus drastically reduced the value of the ILIS trade secrets, and thus the value of ILIS. See *Declaration of Bob Ilis, attached hereto as Exhibit D.*

4

Consequently, as part of its efforts to find and develop investor and funding resources, ILIS has been compelled to provide complete disclosure to such potential funding sources that certain ILIS proprietary information appears to have been improperly publicized by BlueLine. *See Ilis Declaration.*

The delay caused by BlueLine and the requisite disclosure to investors by ILIS has substantially hampered ILIS in its negotiations with investors, and has resulted in a direct and substantial depreciation in the price per share that investors are willing to pay ILIS for its stock. The damages to ILIS' business caused by BlueLine are very much quantifiable, and far exceed the statutory minimum under 28 U.S.C. § 1332. *See Ilis Declaration.*

## III. ARGUMENT

### A. BlueLine's Contacts with Delaware are More than Sufficient to Satisfy the Requirements of the Delaware Long-Arm Statute and the Due Process Clause

#### i. Relevant Legal Standards

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, Plaintiff has the initial burden of establishing that a Court may exercise personal jurisdiction over the named defendant. *Siemens Aktiengesellschaft v. LG Semicon Co., Ltd.*, 69 F. Supp. 2d 622, 624 (D. Del. 1999). However, under the law of this Circuit and others, when confronted with a motion to dismiss for lack of personal jurisdiction, without any opportunity for discovery or an evidentiary hearing, the plaintiff need only make a *prima facie* showing in support of the alleged jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A*, 318 F.3d 446, 456-457 (3d Cir. 2003); *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993). In addition, as part of the personal jurisdiction analysis, the district court will draw all reasonable inferences arising from the evidence and resolve all disputed questions of fact in the plaintiff's favor. *Toys "R" Us, Inc.*, 318 F.3d 446, 456-457; *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60.

B # 655751 v.3

As a policy matter, courts follow this procedure and analysis because the plaintiff facing a motion to dismiss for lack of personal jurisdiction has ordinarily not had the benefit of the opportunity to conduct jurisdictional discovery and to learn relevant facts to establish whether jurisdiction exists or not.  Because facts relating to jurisdiction are almost certainly in the defendant's hands, it would be particularly unfair to dismiss the plaintiff's case for presenting final proof and factual evidence of jurisdiction in response to a motion to dismiss or transfer.

### ii.  The Two-Step Test for Personal Jurisdiction

### Step 1:  The Delaware Long-Arm Statute

Under Delaware law, a court will apply a two-step analysis to determine if it can exercise personal jurisdiction over a defendant.  *Padcom, Inc. v. NetMotion Wireless, Inc.*, 2004 WL 1192641, at *2 (D. Del. May 24, 2004); *Siemens*, 69 F. Supp. 2d at 624.  The court must first determine whether Delaware's Long-Arm Statute confers personal jurisdiction over the defendant, which is a case-by-case and fact-specific inquiry.

### a.    Delaware's Long-Arm Statute Confers Personal Jurisdiction Over BlueLine

This Court has jurisdiction over BlueLine under Section 3104(c) of Delaware's Long-Arm Statute.  10 *Del. C.* § 3104(c) provides:

> *(c) As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent:*
>
> *(1) Transacts any business or performs any character of work or service in the State;[3]*
>
> *(2) Contracts to supply services or things in this State;*
>
> *(3) Causes tortious injury in the State by an act or omission in this State;*

---

[3] Delaware's courts have held that section 3104(c)(1) is a specific jurisdiction section.  *Padcom, Inc.*, 2004 WL 1192641, at *4; *Siemens*, 69 F. Supp. 2d at 625, 626.

> *(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State[4] . . .*

As explained by the Delaware Supreme Court, the conduct embraced in §§ 3104(c)(1) and (2), the transaction of business or performance of work and contracting to supply services or things in the State, may supply the jurisdictional basis for suit only with respect to claims which have a nexus to the designated conduct. However, the Delaware Long-Arm Statute is to be "*broadly* construed to confer jurisdiction *to the maximum extent possible* under the due process clause." See *LaNuova D & B S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986) (emphasis added). Where personal jurisdiction is asserted on a specific jurisdictional basis, even a single transaction is sufficient if the claim has its origin in the asserted transaction.

Similarly, where the claim is one for tortious injury under § 3104(c)(3), a single "act or omission" causing injury in Delaware will suffice. Such a claim may also be viewed as transactional or specific jurisdiction. *LaNuova,* 513 A.2d at 768.

In order to establish specific jurisdiction, a plaintiff must demonstrate not only that an act occurred in Delaware but also that its cause of action arises from that act. According to relevant case law, a plaintiff also must demonstrate that the act occurring in Delaware actually constitutes " transacting business" in Delaware, i.e., that the defendant "purposefully avail[ed itself] of the privileges and benefits of Delaware law." *Computer People, Inc. v. Best Intern. Group, Inc.,* 1999 WL 288119, at *8 (Del. Ch. Apr. 27, 1999); *see also Thorn EMI N. Am. v. Micron Tech., Inc.,* 821 F. Supp. 272, 274 (D. Del. 1993) (stating that the designated conduct "must be directed at residents of the State of Delaware and the protection of its laws").

---

[4] Delaware's courts have held that section 3104(c)(4) is a general jurisdiction section. *Padcom, Inc.,* 2004 WL 1192641, at *4; *Siemens*, 69 F. Supp. 2d at 625, 626.

B # 655751 v.3

With this background, Delaware courts have concluded that "[m]ere solicitation does not arise to transacting business, nor does the isolated shipment of goods into Delaware." *Id.* (citing *Moore v. Little Giant Indus., Inc.,* 513 F. Supp. 1043, 1047 (D. Del. 1981), *aff'd* 681 F.2d 807 (3d Cir. 1982); *Waters v. Deutz Corp.,* 460 A.2d 1332, 1335 (Del. Super. 1983). As such, the distinction between isolated business activities and those giving rise to personal jurisdiction is dependent on whether the conduct is "part of a general business plan [as with BlueLine] . . . to solicit business in Delaware and deliver products to customers in Delaware." *Thorn EMI,* 821 F. Supp. at 274.

### (a) General Jurisdiction

There is no question but that the forum court may exercise "general" jurisdiction over a defendant whose contacts with the forum are "continuous and substantial." *Padcom, Inc.*, 2004 WL 1192641, at *2; *Merck v. Barr*, 179 F. Supp. 2d 368, 374 (D. Del. 2002); *Siemens*, 69 F. Supp. 2d at 626. In that regard, the "defendant must have an 'intent or purpose to serve the Delaware market with their product.'" *Siemens*, 69 F. Supp. 2d at 626-27 (quoting *Boone v. Oy PartekAb*, 724 A.2d 1150, 1158 (Del. Super. Ct. 1997)).

### (b) Specific Jurisdiction

Absent a finding of general jurisdiction, the court may still exercise "specific" jurisdiction over a defendant where the defendant has purposefully directed its activities at residents of the forum and the action arises from or is related to a defendant's actions within the forum state. *Burger King Corp. v. Radzewicz*, 417 U.S. 462, 472 (1985).

The Third Circuit's test for specific jurisdiction is whether the defendant "intentionally and knowingly transacted business with residents of the forum state." *Toys "R" Us*, 318 F.3d at 453 (noting that the contacts required to support an exercise of personal jurisdiction should be

8

determined on a case-by-case basis by assessing the nature and quality of the contacts) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1127 (W.D. Pa. 1997)). The Third Circuit articulated particular factors that a district court should consider including, *e.g.*, business trips to the forum state; telephone and fax communications directed to the forum state; purchase contracts with forum state residents; contracts that apply the law of the forum state; and advertisements in local newspapers. *Toys "R" Us, Inc.*, 318 F.3d at 453-454; *Padcom, Inc.*, 2004 WL 1192641, at *5. Other factors that should be considered include the use of direct or third-party telemarketers to solicit business and purchases; directing advertising or marketing to the forum; and mailing promotional materials to the forum. *Padcom, Inc.*, 2004 WL 1192641, at *5-6.

In addition, the Third Circuit has noted that other relevant evidence that might support the exercise of personal jurisdiction is that the defendant purposely and knowingly conducted business in the forum state. *Toys "R" Us, Inc.*, 318 F.3d at 452; *Padcom, Inc.*; 2004 WL 1192641, at *5.

### (c) The Record Evidence Firmly Supports The Exercise of Specific Jurisdiction Over BlueLine

The record evidence and undisputed facts in this case show that:

- ILIS, a Delaware resident, and BlueLine, an Ohio resident, entered into the Confidentiality Agreement whereby ILIS and BlueLine agreed to determine an interest in developing, manufacturing, selling and / or joint venturing in relation to certain confidential information, and whereby BlueLine further agreed to maintain the confidentiality of such information. *See Confidentiality Agreement.*

- BlueLine faxed the Confidentiality Agreement to Bob Ilis at ILIS' corporate offices in Wilmington, Delaware. *See Ilis Declaration* at ¶8.

- Bob Ilis, President of ILIS, received the agreement by facsimile from BlueLine in Delaware and printed a copy of the Confidentiality Agreement at ILIS' corporate offices in Delaware. *See Ilis Declaration* at ¶8.

9

- Numerous telephone calls, relating specifically to the Confidentiality Agreement and related matters, were made by BlueLine to ILIS at its offices in Wilmington, Delaware. *See Ilis Declaration* at ¶7.

- Numerous email communications, relating specifically to the Confidentiality Agreement and related matters, were sent by BlueLine to ILIS in Wilmington, Delaware. *See Ilis Declaration* at ¶7.

- Numerous fax communications, relating specifically to the Confidentiality Agreement and related matters, were sent by BlueLine to ILIS in Wilmington, Delaware. *See Ilis Declaration* at ¶7.

- BlueLine's "act or omission" in allowing disclosure of Ilis proprietary and confidential information, in violation of the Confidentiality Agreement, has caused injury which runs to ILIS in Delaware.[5]

- BlueLine admittedly has at least one other customer in Delaware, with which BlueLine transacts on a purposeful and continuous basis. *See Declaration of Tareq Bhuiyan* at ¶4.

- BlueLine's client base in Delaware has expanded since BlueLine first contracted with ILIS in 2005. *See Declaration of Tareq Bhuiyan* at ¶4.

- BlueLine has clients and / or serves businesses throughout Delaware, namely in the cities of Georgetown; Dover; Milford; New Castle; Newark; Seaford; and Wilmington. *See Exhibit B.*

- BlueLine and ILIS entered into the Confidentiality Agreement in 2005, and BlueLine has conducted business in the State of Delaware on a continuous basis since at least that time for at least the past two years. *See Declaration of Tareq Bhuiyan* at ¶4.

- BlueLine, through its agent - BuyerZone (*see* www.buyerzone.com) - solicits business and contracts on behalf of BlueLine with residents of the State of Delaware - located in the State - via the world wide web. *See Ilis Declaration* at ¶9.

- BlueLine has received, and continues to receive, substantial and on-going revenues from its admitted Delaware clients. *See Declaration of Tareq Bhuiyan* at ¶4.

As such, the evidence establishes that BlueLine's contacts are sufficient to establish both specific and general jurisdiction under Delaware's Long-Arm Statute. *See, e.g., Merck*, 179 F. Supp. 2d at 373-74; *Siemens*, 69 F. Supp. 2d at 625.

---

[5] *See, e.g., Zippo*, 952 F. Supp. at 1127 (finding that since Plaintiff was a Pennsylvania corporation, a substantial amount of the injury from the wrongdoing by the non-resident defendant was likely to occur in Pennsylvania).

B # 655751 v.3

**Step 2: <u>Constitutional Due Process</u>**

After determining that the Delaware Long-Arm Statute confers jurisdiction, the court

must determine whether personal jurisdiction "would comport with constitutional notions of due

process." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 310 (1945); *Padcom, Inc. v.*

*NetMotion Wireless, Inc.*, 2004 WL 1192641, at *2, *6 (D. Del. May 24, 2004); *Siemens*, 69 F.

Supp. 2d at 624-625; *Virgin Wireless, Inc. v. Virgin Enters., Ltd.*, 201 F. Supp. 2d 294, 298 (D.

Del. 2002); Fed. R. Civ. P. 4(k)(l)(A).

Constitutional due process principles require that the defendant have "certain minimum

contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional

notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316

(citation omitted); *Padcom, Inc.*, 2004 WL 1192641, at *6 (citing *Int'l Shoe Co.*).  For the court

to find that minimum contacts exist between a non-resident defendant and the forum state, there

must be some act by which the defendant "purposefully avails itself of the privilege of

conducting activities" within Delaware, thus "invoking the benefits and protections" of

Delaware's laws. *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958), *reh'g denied* 358 U.S. 858

(1958).  The defendant's conduct and connection with the forum state must be such that he

would reasonably anticipate being haled into court in that state. *World-Wide Volkswagen Corp.*

*v. Woodson*, 444 U.S. 286, 297 (1980).

Under the law of this Circuit, an out-of-state defendant is deemed to have "minimum

contacts" sufficient to confer personal jurisdiction where the defendant, as BlueLine did here,

has transacted business in a continuous and systematic manner in the forum state.  By way of

example, minimum contacts may be evidenced by purchase contracts with forum state residents,

and fax, email and telephone communications that have been directed to the forum state. Currently before the Court, BlueLine has entered into contracts with ILIS (and admittedly has contracted with at least one other Delaware business). In addition, as part of its business relations with ILIS, BlueLine has directed numerous fax, telephone and email communications to ILIS and its employees at its corporate offices in Delaware.

### b.    Personal Jurisdiction Over BlueLine Comports with Due Process Principles And The Exercise of Jurisdiction over BlueLine is Reasonable

When the plaintiff (ILIS in this case) has presented a *prima facie* case showing that minimum contacts exist, the burden shifts to the out-of-state defendant to present "compelling" evidence showing that the exercise of jurisdiction is unreasonable. *Burger King v. Rudzewicz*, 471 U.S. 462, 477; *Cent. Freight Lines, Inc. v. APA Transport Corp.*, 322 F.3d 376, 384 (5th Cir. 2003); *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1363 (Fed. Cir. 2001); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487 (9th Cir. 1993).

The burden of showing that personal jurisdiction is unreasonable is particularly difficult to satisfy, as a number of courts have held. Specifically, once the plaintiff has shown "minimum contacts," the facts showing unreasonableness must be so clearly oppressive that they constitute a deprivation of due process itself. *Chr. Sci. Bd. of Dir. of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 217 (Fed. Cir. 2001); *Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998).

ILIS notes that BlueLine has submitted no evidence, much less "compelling" evidence, to show that exercising personal jurisdiction in Delaware would somehow be so unreasonable as to constitute a deprivation of due process itself. *Panavision*, 141 F.3d at 1323. To the contrary, the evidence before the Court demonstrates that BlueLine is actively and intentionally engaging in

12

business with multiple Delaware residents, across the entire State of Delaware, with the purpose of providing BlueLine's goods and/or services to Delaware citizens.

Accordingly, there is nothing unfair or unreasonable about requiring that BlueLine answer a complaint in the State where it continues to actively contract for its goods and services. Certainly, BlueLine cannot claim surprise at being obligated to defend itself in Delaware after entering into various contracts with at least two Delaware citizens. Indeed, based on BlueLine's own advertising admissions provided in its website, BlueLine has clients and/ or is providing services *throughout* the State of Delaware. *See* Exhibit B.

Indeed, though litigating in Delaware may be marginally less convenient for BlueLine than Ohio, it does not rise to the level of being constitutionally unreasonable. *Chr. Sci. Bd. of Dir.*, 259 F.3d at 217. Moreover, BlueLine cannot deny that Delaware has a strong interest in protecting the rights of its residents by upholding contractual agreements, particularly those that deter improper disclosure of proprietary information of one of its residents. Given these facts, there can be no dispute but that exercising personal jurisdiction over BlueLine in Delaware is both fair and reasonable.

Defendant BlueLine has purposefully directed its activities towards Delaware residents and the breach of the Confidentiality Agreement by BlueLine clearly arose out of BlueLine's purposeful and continuous activities in Delaware. Specifically, BlueLine frequently communicated in numerous ways with ILIS and its employees at ILIS' corporate offices in Delaware. Further, the Defendant sent the Confidentiality Agreement to Mr. Ilis, along with numerous emails and faxes and made numerous telephone calls to ILIS and its employees - clearly knowing that these communications were being made or sent to ILIS and its employees who were residents of, and at all times were located in, Delaware.

13

Such conduct exemplifies purposeful minimum contacts by the Defendant with residents of the State of Delaware. Without question, the concept of "fair play and substantial justice" inherent in the minimum contacts requirement supports the exercise of personal jurisdiction over BlueLine on the basis that such exercise would be fair and reasonable under the circumstances.

Accordingly, as BlueLine has substantial contacts with Delaware through its business activities in the State of Delaware, and the evidence supports the conclusion that the exercise of personal jurisdiction over BlueLine is fair and reasonable, personal jurisdiction in this case meets both the statutory and due process requirements. Therefore, BlueLine's motion to dismiss must be denied.

**B. Should The Court Believe That Personal Jurisdiction is Lacking Based on the Facts Presently Before the Court, Plaintiff Should Be Granted an Opportunity to Conduct Limited Jurisdictional Discovery.**

It is generally improper for a court to dismiss a plaintiff's case for lack of personal jurisdiction without permitting the plaintiff at least a limited opportunity to conduct jurisdictional discovery prior to dismissal. *See, e.g., Toys "R" Us, Inc.*, 318 F.3d 446, 457-458 ("courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous"); *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1352 (D.C. Cir. 2000); *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731 (11th Cir. 1982).

As the facts relating to jurisdiction are typically within the defendant's exclusive control, dismissing a case without giving the plaintiff at least limited discovery would permit defendants to "game" the system by selectively revealing some facts favorable to their motion while withholding other facts that would otherwise doom their motion.[6]

---

[6] In this regard about new facts (or witnesses), ILIS notes that for some unexplained reason BlueLine refers to a "Mr. Christ" in its brief in support of its motion to dismiss, at page 10. It is unclear who Mr. Christ is or what his relationship is with the parties to this matter.

14

In this case, the Plaintiff has made out a *prima facie* case for jurisdiction. Specifically, the evidence shows that BlueLine has systematically and continuously conducted business with and provided services to Delaware clients for at least two years. Importantly, BlueLine has admitted in its supporting declaration that it has at least two clients in Delaware - one of which is ILIS - and accordingly, in the past two years BlueLine's client base in Delaware has increased. Moreover, based on BlueLine's own website advertising, the number of BlueLine / Delaware clients appears likely to be more than just two, and plainly the scope of BlueLine's business activities in Delaware is *state-wide*. These facts - and admissions by BlueLine - alone are sufficient to support personal jurisdiction, and thereby defeat BlueLine's motion.

To the extent this Court has any question that personal jurisdiction over BlueLine is proper, jurisdictional discovery is likely to make it clear beyond any doubt that jurisdiction in this District is not only proper, but mandated.[7]

Although Plaintiff believes that it already has presented more than sufficient information for the Court to conclude that personal jurisdiction may properly be exercised over BlueLine, discovery would likely reveal additional information showing purposeful contacts by BlueLine with the State of Delaware, including: contracts between other Delaware residents and BlueLine, related sales records, email, phone and fax communications, payments, and other relevant information.

---

[7] Apparently, BlueLine's inclusion of the *projected* drop in revenues from its Delaware clients as a percentage of BlueLine's total revenues this year versus last year is a flawed attempt to lessen the importance of these Delaware clients and their jurisdictional hook to Delaware. BlueLine misses the relevance here – the important fact here is that these revenues are generated as a result of agreements *between BlueLine and its Delaware clients*. As the Supreme Court has made clear, even a single contact can be sufficient for purposes of personal jurisdiction. *McGee v. Int'l Life Ins., Co.*, 355 U.S. 220, 223 (1957). The test for personal jurisdiction has always focused on the "nature and quality" of the contacts with the forum and *not* the quantity. *International Shoe*, 326 U.S. at 320. Furthermore, the Sixth Circuit Court of Appeals rejected a similar argument when it wrote that the contacts [to the forum] "were deliberate and repeated [as with BlueLine] even if they yielded little revenue." *Zippo*, 952 F. Supp. at 1127 (citing *Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1265 (6th Cir. 1996)).

B # 655751 v.3

ILIS respectfully requests that should the Court consider that personal jurisdiction over BlueLine has not been firmly established, then ILIS should be permitted the opportunity to conduct limited jurisdictional discovery to resolve any doubt.

### C. Plaintiff's Choice of Venue is Proper under 28 U.S.C. § 1391(c)

Section 1391(c) of title 28 of the United States Code provides that when a defendant is a corporation it shall be deemed to "reside" in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Accordingly, if a corporation is subject to personal jurisdiction in this District at the time that the Plaintiff filed its complaint then, by definition, venue in this District is proper under 28 U.S.C. § 1391. *Hoover Group, Inc. v. Custom Metalcraft, Inc.*, 84 F.3d 1408, 1410 (Fed. Cir. 1996) (citing *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990)).

A motion to transfer venue is governed by 28 U.S.C. § 1404. To prevail on a motion to transfer, the movant "must establish that the balance of convenience of the parties and the witnesses strongly favors the defendants." *Bergman v. Branin*, 512 F. Supp. 972, 973 (D. Del. 1981)(citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 23 (3d Cir. 1970)). The burden in a § 1404 motion remains at all times on the defendant to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer. This burden is particularly heavy when a plaintiff has filed an action in the judicial district in which it resides. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981); *Arabian v. Bowen*, 1992 U.S. App. LEXIS *2-3 (4th Cir. 1992); *In Re M.L.-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993) (noting that unless the balance of convenience weighs strongly in favor of a transfer, the plaintiff's choice of forum should prevail).

The Third Circuit Court of Appeals has indicated that the analysis for transfer is broad and that "there is no definitive formula or list of factors to consider." *Jumara v. State Farm Ins.*

16

*Co.*, 55 F.3d 873, 879 (3d Cir. 1995). However, the Third Circuit has identified several factors - characterized as either private or public interests - that should be reviewed. The private interests include: "(1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id.* (citations omitted).

The public interests include: "(1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases." Id. (citations omitted). Several courts, in assessing closely-related factors, have found uniformly that, unless the balance of factors weighs strongly in favor of transfer, the plaintiff's choice of forum is rarely disturbed. *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (D. Md. 2002) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

Moreover, the movant is required to present facts supporting a request for transfer by affidavits from witnesses. *Stratagene v. Parsons Behle & Latimer*, 315 F. Supp. 2d 765, 771 (D. Md. 2004); *Dow v. Jones*, 232 F. Supp. 2d 491, 499 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508); *Helsel v. Tishman Realty & Constr. Co.*, 198 F. Supp. 2d 710, 712 (D. Md. 2002). Such affidavits must contain detailed, specific facts showing exactly how and to what extent the above factors weigh in favor of transfer. "Mere assertions of inconvenience or hardship"

17

(particularly those unsupported by any witness's affidavit) are insufficient to sustain a motion to transfer. *Stratagene*, 315 F. Supp. 2d at 771.

In view of this legal framework, BlueLine has failed to proffer any evidence in support of its motion; in fact, BlueLine's papers do not even have "mere assertions of inconvenience or hardship." As such, BlueLine has not even met the minimum threshold that courts have determined is insufficient to satisfy the heavy burden facing a party requesting transfer under § 1404. For example, nothing in BlueLine's motion or supporting declaration alleges or identifies how or to what extent BlueLine or its witness(es) will be inconvenienced by proceeding with the action in this District. There is no identification of any burden, inconvenience or expense associated with production of documents, records and/or witnesses for discovery. In fact, there are no statements in BlueLine's motion or supporting declaration relating to any of the private or public "convenience" factors. BlueLine's failure in this regard to submit any specific evidence to support its motion for transfer warrants denying the BlueLine transfer request.

Finally, a review of the private and public "convenience" factors further supports denying the BlueLine request to transfer this matter. Considering first the private interests:

(1) *Plaintiff's choice of forum, and* (2) *defendant's preference* - The parties did not choose a forum in relation to the Confidentiality Agreement. The Defendant, on the other hand, has indicated that it would prefer that this matter be decided in Ohio. Nonetheless, the Defendant has failed in all respects to put forth any evidence to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer. In fact, the evidence shown above, supports adjudication of this matter in this District. The fact that Plaintiff ILIS resides in this District weighs strongly against transfer to Ohio or any other judicial district.

(3) *Whether the claim arose elsewhere* - ILIS' claim arose in Delaware. This factor would weigh in favor of the matter remaining in Delaware.

(4) *The convenience of the parties as indicated by their relative physical and financial condition* - This factor is neutral; there is nothing that indicates a benefit to one or the other party. Accordingly, this factor does not favor transfer to Ohio.

(5) *The convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora* - This factor is neutral. There is nothing that indicates a benefit to one or the other party. This factor does not favor transfer to Ohio.

(6) *The location of books and records* - This factor is either neutral, or weighs in favor of the matter remaining in Delaware because, to the extent that BlueLine wishes to conduct discovery of ILIS, all of ILIS' witnesses and documents are located within this District. So this factor does not favor transfer to Ohio.

Considering the public interests, the following factors clearly compel adjudication of the matter in this District:

(1) *Enforceability of a judgment* - This factor is neutral. A judgment granted by this Court is equal in every way to one granted by the United States District Court for the District of Ohio. This factor does not favor transfer to Ohio.

(2) *Practical considerations that could make the trial easy, expeditious or inexpensive* - This factor is neutral. There are no record facts to show that a trial conducted in Ohio will be any more or less easy or inexpensive than one conducted in this District. This factor also does not favor transfer to Ohio.

(3) *The public policies of the fora* - This factor is neutral. There are no facts to show that the public policies in Delaware are any different than Ohio in relation to addressing wrongful disclosure of proprietary information. This factor does not favor transfer to Ohio.

(4) *Administrative difficulties of court congestion* - This factor is essentially neutral. As shown in the 2006 Annual Report of the Administrative Office of the United States Courts, the most recent times to trial for this District and the District of Ohio, the statistics slightly favor the District of Ohio. Such difference in the time to trial is only a few months, and thus is essentially a neutral result.

(5) *Local interest in having local controversies resolved at home* - This factor clearly favors the matter remaining in this District. The damages to ILIS caused by BlueLine occurred in and flow to the State of Delaware. Accordingly, this factor favors the matter remaining in this District.

(6) *Appropriateness of having diversity actions tried in the state whose law applies to the dispute* - This factor is neutral, and as such does not favor transfer to the District of Ohio.

A review of the private and public considerations shows that the balance of these strongly favors retaining venue in this District. ILIS notes that BlueLine has failed to show that venue in this District is inconvenient, nor has it shown that the interests of justice strongly favor a transfer. *Dow v. Jones*, 232 F. Supp. 2d at 399; *Helsel*, 198 F. Supp. 2d at 711. At best, the transfer to the District of Ohio that BlueLine seeks would only shift any burden and inconvenience of trial from BlueLine to ILIS. Such is not a proper purpose of a transfer of venue. *Derry Finance N.V. v. Christiana Cos., Inc.,* 555 F. Supp. 1043, 1046 (D. Del. 1983); *Holland v. Psychological Assessment Resources, Inc.*, 2004 WL 964201, at *4 (D. Md. Apr. 27, 2004). When a transfer of venue merely shifts the inconvenience from one party to the other, as BlueLine would have it, or

20

when the balance of the factors only tilts slightly in favor of a defendant, the plaintiff's choice of forum should not be disturbed. *Derry Finance N.V. v. Christiana Cos.,* 555 F. Supp. 1043, 1046; *Holland v. Psychological Assessment Resources, Inc.*, 2004 WL 964201, at *4; *Quality Inns Int'l, Inc. v. Patel*, 1988 WL 137782, at *2 (D. Md. Dec. 8, 1988). Accordingly, Plaintiff respectfully requests that the Court deny BlueLine's motion to dismiss or transfer.

## **CONCLUSION**

For the foregoing reasons, Ilis respectfully request that BlueLine's motion to dismiss or transfer be denied.

Respectfully submitted,

Kevin W. Goldstein (DE Bar # 2967)
Michael P. Migliore (DE Bar # 4331)
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: (302) 576-5850
Facsimile: (302) 576-5858

Attorneys for Plaintiff
ILIS Computer, Inc.

Date: July 19, 2007

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Response of Ilis Computer, Inc. in Opposition to Motion of BlueLine International, LLC to Dismiss or Transfer* was filed electronically and was served upon the following counsel of record on July 19, 2007 using the ECF System of the U.S. District Court for the District of Delaware.

> David L. Finger, Esquire
> Finger & Slanina, LLC
> One Commerce Center
> 1201 Orange Street, Suite 725
> Wilmington, DE 19801-1155

_____
Michael P. Migliore

# **<u>Exhibit A</u>**

## CONFIDENTIALITY AND NONDISCLOSURE AGREEMENT

**WHEREAS,** ILIS Computer Inc., agrees to furnish, Tareq Bhuiyan of BlueLine International LLC. certain confidential information relating to ideas, inventions or products for the purposes of determining an interest in developing, manufacturing, selling and/or joint venturing;

**WHEREAS,** Tareq Bhuiyan of BlueLine International LLC. agrees to review, examine, inspect or obtain such confidential information only for the purposes described above, and to otherwise hold such information confidential pursuant to the terms of this Agreement.

**BE IT KNOWN,** that ILIS Computer Inc. has or shall furnish to Tareq Bhuiyan of BlueLine International LLC. certain confidential information and may further allow Tareq Bhuiyan of BlueLine International LLC. the right to discuss or interview representatives of ILIS Computer Inc. on the following conditions:

1. Tareq Bhuiyan of BlueLine International LLC. agrees to hold confidential or proprietary information or trade secrets ("confidential information") in trust and confidence and agrees that it shall be used only for the contemplated purposes, shall not be used for any other purpose, or disclosed to any third party.

2. No copies will be made or retained of any written information or prototypes supplied without the permission of ILIS Computer Inc.

3. At the conclusion of any discussions, or upon demand by ILIS Computer Inc., all confidential information, including prototypes, written notes, photographs, sketches, models, memoranda or notes taken shall be returned to ILIS Computer Inc..

4. Confidential information shall not be disclosed to any employee, consultant or third party unless they agree to execute and be bound by the terms of this Agreement, and have been approved by ILIS Computer Inc..

AGREED AND ACCEPTED BY:

Date: 6-20-2005

By: TAREQ BHUIYAN

Title: Project Manager

# **<u>Exhibit B</u>**



**BlueLine**

BlueLine International LLC

Web/E-commerce Development    Staffing/Software Development    Product Solutions

Home | About Us | Clients | Careers | Contact Us

CALL US AT: **(888) 485-0100**

[ Request A Free Quote ]

WE MAKE IT EASY FOR YOU



ABOUT US

BlueLine International LLC is a technology solutions company specializing in managing and developing client-server, object-oriented and Internet based applications. The founders have several years of IT project management experience in Fortune 200 companies and have Bachelors and Masters (MBAs) from top tier U.S. universities. Leveraging the expertise in the systems project management and certified developers, BlueLine International is determined to provide the highest level of quality and service to its clients. Through its absolute customer focus and ability to satisfy customer needs in the best possible way, BlueLine is aggressively growing its business. Customer satisfaction is the number one priority of BlueLine. You can also find BlueLine through these reputed company sites.

**Vision :**    To be among the top 50 IT solutions companies in the U.S. by 2010.

**Mission:**    To help clients achieve measurable return on investment by providing reliable, high quality and cost effective application/solutions development.

**Values :**    Integrity, excellence, customer focus, respect for individuals, accountability, learning and sharing.

**Our Featured Alliances:**

BlueLine has many valuable alliances around the world. Following are some of our featured alliances and partnerships:

- Sun iForce partner
- Microsoft member
- Dell Small Business Affiliate

BlueLine: Columbus Ohio Ecommerce Web site design, Software development

- e-OnlineData
- Member of Better Business Bureau
- Member of Columbus Chamber of Commerce

**Locations where BlueLine has clients and/or serves:**

- Albany New York
- Binghamton New York
- Brooklyn New York
- Buffalo New York
- Elmira New York
- Glens Falls New York
- Ithaca New York
- Lockport New York
- Manhattan New York
- Mount Vernon New York
- New Rochelle New York
- New York City New York
- Newburgh New York
- Niagara Falls New York
- Oneonta New York
- Peekskill New York
- Poughkeepsie New York
- Queens New York
- Rochester New York
- Schenectady New York
- Syracuse New York
- Utica New York
- Watertown New York
- White Plains New York
- Yonkers New York
- Auburn Alabama
- Mobile Alabama
- Montgomery Alabama
- Birmingham Alabama
- Oklahoma City Oklahoma

- Akron Ohio
- Athens Ohio
- Cincinnati Ohio
- Cleveland Ohio
- Dayton Ohio
- Dublin Ohio
- Franklin ohio
- Hilliard Ohio
- Kent Ohio
- Lima Ohio
- Springfield Ohio
- Steubenville Ohio
- Toledo Ohio
- Youngstown Ohio
- Atlantic City New Jersey
- Jersey City New Jersey
- Newark New Jersey
- Trenton New Jersey
- Jersey City New Jersey
- Newark New Jersey
- Trenton New Jersey
- Dodge City Kansas
- Fayetteville Arkansas
- Fort Smith Arkansas
- Hot Springs Arkansas
- Jonesboro Arkansas
- Kansas City Kansas
- Little Rock Arkansas
- Pine Bluff Arkansas
- Topeka Kansas

- Annapolis Maryland
- Baltimore Maryland
- Bethesda Maryland
- Bowie Maryland
- Brunswick Maryland
- Cambridge Maryland
- College Park Maryland
- Cumberland Maryland
- Dundalk Maryland
- Frederick Maryland
- Gaithersburg Maryland
- Germantown Maryland
- Hagerstown Maryland
- Laurel Maryland
- Ocean City Maryland
- Rockville Maryland
- Salisbury Maryland
- Silver Spring Maryland
- Towson Maryland
- Waldorf Maryland
- Wheaton Maryland
- Guthrie Oklahoma City
- Muskogee Oklahoma City
- Tulsa Oklahoma City
- Bloomington Indiana
- Elkhart Indiana
- Evansville Indiana
- Fort Wayne Indiana
- Gary Indiana
- Hammond Indiana

BlueLine: Columbus Ohio Ecommerce Web site design, Software development

Page 3 of 4

- Bismark North Dakota
- Dickinson North Dakota
- Fargo North Dakota
- Grand Forks North Dakota
- Jamestown North Dakota
- Mandan North Dakota
- Minot North Dakota
- Pierre South Dakota
- Rapid City South Dakota
- Sioux Falls South Dakota
- Sturgis South Dakota
- Duluth Minnesota
- Minneapolis Minnesota
- Rochester Minnesota
- Saint Paul Minnesota
- Gatlinburg Tennessee
- Knoxville Tennessee
- Memphis Tennessee
- Nashville Tennessee
- Boulder City Nevada
- Carson City Nevada
- Elko Nevada
- Henderson Nevada
- Las Vegas Nevada
- Pahrump Nevada
- Reno Nevada
- Sparks Nevada
- Albuquerque New Mexico
- Las Vegas New Mexico
- Roswell New Mexico
- Santa Fe New Mexico
- Charleston West Virginia
- Fairmont West Virginia
- Huntington West Virginia
- Morgantown West Virginia
- Norfolk Virginia
- Richmond Virginia
- Roanoke Virginia
- Virginia Beach Virginia
- Weirton West Virginia
- Wheeling West Virginia



- West Memphis Arkansas
- Wichita Kansas
- Aiea Hawaii
- Hilo Hawaii
- Honolulu Hawaii
- Kahului Hawaii
- Maui Hawaii
- Georgetown Delaware
- Dover Delaware
- Milford Delaware
- New Castle Delaware
- Newark Delaware
- Seaford Delaware
- Wilmington Delaware
- Ann Arbor Michigan
- Dearborn Michigan
- Detroit Michigan
- Flint Michigan
- Grand Rapids Michigan
- Kalamazoo Michigan
- Lansing Michigan
- Pontiac Michigan
- Sault Ste. Marie Michigan
- Warren Michigan
- Boise Idaho
- Coeur d' Alene Idaho
- Idaho Falls Idaho
- Lewiston Idaho
- Moscow Idaho
- Nampa Idaho
- Pocatello Idaho
- Twin Falls Idaho
- Aurora Illinois
- Crystal Lake Illinois
- Freeport Illinois
- Quincy Illinois
- Spring Field Illinois

- Indianapolis Indiana
- Kokomo Indiana
- Lafayette Indiana
- Muncie Indiana
- South Bend Indiana
- Ames Iowa
- Cedar Falls Iowa
- Cedar Rapids Iowa
- Council Bluffs Iowa
- Davenport Iowa
- Des Moines Iowa
- Dubuque Iowa
- Iowa City Iowa
- Sioux City Iowa
- Waterloo Iowa
- Flagstaff Arizona
- Phoenix Arizona
- Tombstone Arizona
- Yuma Arizona
- Anchorage Alaska
- Fairbanks Alaska
- Hope Alaska
- Juneau Alaska
- Kodiak Alaska
- Sitka Alaska
- Valdez Alaska
- Auburn Maine
- Augusta Maine
- Bangor Maine
- Bar Harbor Maine
- Caribou Maine
- Freeport Maine
- Kennebunk Maine
- Lewiston Maine
- Orono Maine
- Portland Maine
- Preque Isle Maine
- Upper Arlington
- Olympia Washington
- Seattle Washington
- Spokane Washington

7/19/2007

BlueLine: Columbus Ohio Ecommerce Web site design, Software development

- Tacoma Washington
- Vancouver Washington
- Anaconda Montana
- Billings Montana
- Bozeman Montana
- Butte Montana
- Great Falls Montana
- Helena Montana
- Kalispell Montana
- Missoula Montana
- Charleston South Carolina
- Charlotte North Carolina
- Columbia South Carolina
- Fayetteville North Carolina
- Florence South Carolina
- Greenville South Carolina
- Myrtle Beach South Carolina
- Orangeburg South Carolina
- Raleigh North Carolina
- Spartanburg South Carolina
- Sumter South Carolina
- Winston Salem North Carolina
- Casper Wyoming
- Cheyenne Wyoming
- Evanston Wyoming
- Gillette Wyoming
- Green River Wyoming
- Laramie Wyoming
- Rawlins Wyoming
- Rock Springs Wyoming
- Sheridan Wyoming
- Green Bay Wisconsin
- Madison Wisconsin
- Milwaukee Wisconsin
- Oshkosh Wisconsin

**Terms of use | Privacy**

Copyright © BlueLine International LLC, Columbus, Ohio 2002 | Ph: (888) 485-0100

7/19/2007

# **<u>Exhibit C</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILIS COMPUTER, INC., | ) | |
| A Delaware corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 07-285 JJF |
| | ) | |
| BLUELINE INTERNATIONAL LLC, | ) | |
| an Ohio limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF TAREQ BHUIYAN

1.    My name is Tareq Bhuiyan.  I am a member and manager of BlueLine International LLC, an Ohio limited liability company ("BlueLine"), and am authorized to make this declaration on its behalf.  I am over twenty-one years of age, and have personal knowledge of the facts contained in this Declaration.

2.    No member, manager or employee of BlueLine has ever traveled to Delaware in connection with any BlueLine business.

3.    BlueLine does not possess, have any interest in or manage any real property located in Delaware.

4.    Out of two hundred customers, BlueLine has only two in Delaware as per the clients' provided records for their business addresses. Those two companies are: ILIS Computer, Inc., the plaintiff in this lawsuit, which became a client in 2005 and another company, which became a client in 2007. In 2005, ILIS Computer, Inc. paid BlueLine $20,093.90, which is less than 6% of that year's revenue. In 2006, ILIS Computer Inc. paid BlueLine $25,292.10, which is less than 5.5% of that year's revenue. In 2007, ILIS Computer, Inc. paid BlueLine $5947.50 and the other company paid $5621.00 and the

payments received from these two companies this year are less than 3% of the projected yearly revenue of BlueLine.

5.    I executed the nondisclosure agreement that is at issue in this lawsuit in Ohio.

6.    BlueLine has not aimed its marketing efforts specifically at Delaware.

7.    Attached hereto as Exhibit A is a true and correct copy of the contract entered into between BlueLine and ILIS Computer, Inc.

8.    It is my understanding that ILIS Computer, Inc. is a startup business, and has not yet begun selling its products.

9.    I declare under penalty of perjury under the laws of the United States and the State of Delaware, pursuant to 28 U.S.C. §1748, that the foregoing is true and correct. Executed on this 14th day of June, 2007 in Columbus, Ohio.

_____
Tareq Bhuiyan

**Website Proposal for Ilis Computer, Inc.**                    **Your Long Term IT Partner**



### Here are the steps we follow before the actual website launch:

**• First Draft of Working Functionality:**
We first present you with the first draft of working functionality on our presentation server location for your approval.

**• Modifications:**
Changes, corrections, and modifications are made as per your requirements.

**• Testing and Debugging:**
Our Quality Assurance Team makes checks again using a bug-tracking system.

**• Final Presentation:**
After successful debugging and testing, we present you with the final draft of the website.

**• Website Launch:**
The website is uploaded on the final server location as specified by you.

**• Final Testing:**
After the final product has been delivered to you, we make final tests to check the smooth functionality of the site.

## Contract (Please sign and send the following three pages back to us with your down payment)

Our desire is to delight the client. One way is to make clear our understandings with each other. These are the terms of our agreement together:

**1. Authorization.**
The above-named client is engaging BlueLine International, LLC, located at 1029 Dublin Road, Columbus OH, 43215 for the specific project of developing a world wide website to be installed on a hosting server. The client also authorizes BlueLine International, LLC to publicize their completed website to Web search engines, as well as other Web directories and indexes.

**2. Web hosting/Server:**
BlueLine will also be responsible for web server hosting. BlueLine will ensure the maximum availability of the website.

**3. Two Month Code Guarantee:**
BlueLine will give two month of code guarantee to the customer. During the first two month, BlueLine will fix code bugs for free of charge. Additional enhancements are not included in this.

**4. Support:**
If customer wants BlueLine to support the website, a $39.00 fee per hour will be charged.

**5. Changes to Submitted Text**
Please send us your **final text, images and other material**. Time required to make substantive changes to client-submitted stuff after the webpages have been constructed will be additional, billed at the hourly rate ($39/hr).

**6. Completion Date**
BlueLine will provide you a website solution and we will do the job right the first time. Your e-Commerce website will be live within 1 week after the project is completed and approved by the client. Please submit your electronic confirmation to start the project and down payment in timely manner so that we can start the work as quickly as possible. It is very important for us to have your timely feedback and all the text and other material from you to finish the project on time. If feedback is not received from you within 2 days, the project deadline will shift according to that.

**7. Payment of Fees**
Fees to BlueLine International, LLC are due and payable on the following schedule: a non refundable 35% upon signing this contract, a non refundable 35% after design and database is complete and a non refundable 30% after completion. Getting the password of the hosting control panel and advertising the pages to Web search engines and updating occur only after the final payment is made. All payments will be made in US funds. BlueLine will need to have a credit card on file, so that web hosting charges and support charges can be charged to that card. Customer authorizes BlueLine International LLC to charge the credit card for hosting and support charges. The support charges will only be charged, after getting customer's approval to move forward with any changes.

In order for BlueLine International, LLC to remain in business, payments must be made promptly. Delinquent bills will be assessed a $100 charge if payment is not received within 10 days of the due date. If an amount remains delinquent 30 days after its due date, an additional 10% penalty will be added for each month of delinquency. BlueLine International, LLC reserves the right to remove webpages from viewing on the Internet until final payment is made. In case collection proves necessary, the client agrees to pay all fees incurred by that process. This agreement becomes effective only when signed by the client. Regardless of the place of signing of this agreement, the client agrees that for purposes of venue, this contract was entered into in Franklin Country, Ohio, and any dispute will be litigated or arbitrated in Franklin Country, Ohio. Please pay on time.

**8. Copyrights and Trademarks**
The client unconditionally guarantees that any elements of text, graphics, photos, designs, trademarks, or other artwork furnished to BlueLine International, LLC for inclusion in webpages are owned by the client, or that the client has permission from the rightful owner to use each of these elements, and will hold harmless, protect, and defend BlueLine International, LLC and its subcontractors from any claim or suit arising from the use of such elements furnished by the client.

**9. Legal Stuff**
BlueLine International, LLC does not warrant that the functions contained in these webpages will be completely uninterrupted or error-free. In no event will BlueLine International, LLC be liable to the client or any third party for any damages, including any lost profits, lost savings or other incidental, consequential or special damages arising out of the operation of or inability to operate these webpages or website, even if BlueLine International, LLC has been advised of the possibility of such damages. If any provision of this agreement shall be unlawful, void, or for any reason unenforceable, then that provision shall be deemed severable from this agreement and shall not affect the validity and enforceability of any remaining provisions.

Client to Release and Indemnify Blueline International LLC. Client hereby jointly and severally (1) releases, acquits, forgives, and discharges, (2) assumes full responsibility for, and (3) agrees to indemnify, defend and protect Blueline International LLC from and against, any and all actions, suits, proceedings, investigations, claims, demands, judgments, costs (including without limitation costs of settlement), expenses (including without limitation attorneys fees), and/or liabilities of any kind or nature, whether arising in equity or in law and whether of a civil, administrative or criminal nature, that relate to or arise wholly, partially, or arguably from, out of, or in connection with the Client's Website.

Cap on Blueline International LLC Liability. The liability to Client and/or any party affiliated with Client of Blueline International LLC and/or any parties affiliated with Blueline International LLC for any actions, claims, demands, suits, agreements, judgments, costs, expenses, liabilities, and/or proceedings of any kind, that arises out of, resulting from, or in any way connected with, the performance or breach of this Agreement shall in all events be limited to the amount actually paid by Client for the portion of the services involved. This limitation shall apply regardless of the form or nature of the action or the underlying theory of recovery, including without limitation actions premised on breach of contract, negligence, and/or strict liability.

**10. Assignment of Project**
BlueLine International, LLC reserves the right to assign subcontractors to this project to ensure the right fit for the job as well as on-time completion.

**11. Laws Affecting Electronic Commerce**
From time to time governments enact laws and levy taxes and tariffs affecting Internet electronic commerce. The client agrees that the client is solely responsible for complying with such laws, taxes, and tariffs, and will hold harmless, protect, and defend BlueLine International, LLC and its subcontractors from any claim, suit, penalty, tax, or tariff arising from the client's exercise of Internet electronic commerce.

**12. Copyright to Webpages**

**Website Proposal for Ilis Computer, Inc.**                    **Your Long Term IT Partner**

Copyright to the finished assembled work of webpages produced by BlueLine International, LLC is owned jointly by client and BlueLine International, LLC. Upon final payment of this contract, the client is assigned rights to use as a website the design, graphics, and text contained in the finished assembled website. BlueLine International, LLC retains the right to display graphics and other Web design elements as examples of their work in its portfolio and put the text "developed by BlueLine" with a link to BlueLine's website on the developed website. BlueLine's written permission is needed if client wants to give the code to any other third party for modification. Client or third party cannot sell or use this code for any other website.

**13. Work Document**
All the work related to this project is defined in the attached proposal. The attached proposal will be considered as addendum to this contract.

**14. Sole Agreement**
The agreement contained in this "Website Design Contract" constitutes the sole agreement between BlueLine International, LLC and the client regarding this website. Any additional work not specified in this contract must be authorized by a written change order. All prices specified in this contract will be honored for two (2) months after both parties sign this contract. Continued services after that time will require a new agreement.

**15. Payment and Refund Policy**
(a) Blueline International LLC To Be Paid For Services Rendered. Notwithstanding anything in this Agreement or the Solution Specifications to the contrary, Client shall be responsible for payment to Blueline International LLC for all Services rendered through the termination date.

(b) Deemed Default by Client for Uncured Billing Problem. If for any reason the billing information provided by Client becomes invalid, or Blueline International LLC cannot for any other reason collect payment due in accordance with this Agreement, Blueline International LLC shall make reasonable efforts to contact the Client in order to give notice of the problem. If Client fails to remedy such problem within five (5) business days of receiving such notice, or if Blueline International LLC is unable to contact and/or obtain a response from Client within fifteen (15) business days after commencing its efforts to contact Client, a material default shall be deemed to have occurred, and Blueline International LLC may at its sole discretion deem that Client terminated this Agreement, as of the date upon which Blueline International LLC first discovered the problem.

(c) Cancellation Fee. If the client halts work and applies by registered letter for a refund within 5 business days, to BlueLine International, LLC, 1029 Dublin Road, Columbus OH, 43215, phone (888) 485-0100, a $100 cancellation fee as well as work completed shall be billed at the hourly rate stated above, and deducted from the initial payment, the balance of which shall be returned to the client. If, at the time of the request for refund, $100 cancellation fee and work has been completed beyond the amount covered by the initial payment, the client shall be liable to pay for all work completed at the hourly rate of $39 plus the $100.00 cancellation fee. No portion of this initial payment will be refunded unless written application is made within 5 business days of signing this contract.

(d) Rescheduling Fee. If Client delays or elects to reschedule the commencement or performance of this project for a period of more than  thirty (30) business days after the Acceptance Date, Client shall pay to Blueline International LLC a $250 "Rescheduling Fee" in addition to any other fees as outlined in this Agreement. Blueline International LLC may demand payment of such Rescheduling Fee prior to commencing or recommencing its work hereunder.

(e) Collection; Processing and Collection Fee. Accounts that are not collectible   by Blueline International LLC after 45 days may be turned over to an outside collection agency for collection. If your account is turned over for collection, Client agrees to pay Blueline International LLC a "Processing and Collection" fee of $150.00. In the event that payment should result in any third-party expenses (such as overdraft charges or banking fees, collection agency fees, postage, etc.), such expenses shall be the sole obligation of the Client.

(f) Charge-Back Fee. Client acknowledges that Blueline International LLC does a significant amount of business through credit cards and that "Charge-Backs" against credit card payments cause or have the potential to cause significant special costs including, among other things, damaged relationships with the credit card companies. In the event that Client charges back an amount paid to Blueline International LLC against a credit card, and it is determined that Blueline International LLC was entitled to such payment under this Agreement, Client accordingly agrees to pay to Blueline International LLC a "Charge-Back Fee" of $500 as liquidated damages for its additional costs. Client further and specifically agrees that all disputes concerning the propriety of a give charge-back shall be subject to the "Choice of Law and Forum" provisions of this Agreement.

(g) Blueline International LLC Entitled to Attorneys', Experts' and Other Fees. In the event of any litigation between the parties or their representatives, or by a party or its representative before a bankruptcy or similar court that has jurisdiction over another party hereto or over any of such other party's property or assets, concerning any provision(s) of this Agreement or the rights and duties of any person or entity in relation thereto, Blueline International LLC shall be entitled, in addition to any other relief, to all reasonable expenses (as determined by the Court) incurred in connection with any successful effort to enforce its rights under this Agreement or to defend against a suit brought by Client (and in any separate action brought for the purpose of recovery under this paragraph), including without limitation all court costs and all reasonable attorneys', accountants', experts', and other professional fees.

Website Proposal for Ilis Computer, Inc.            Your Long Term IT Partner

| Wire Transfer Information: | Check or Money Orders: | Credit Card Transactions: |
|---|---|---|
| Account information:<br>BlueLine International LLC<br>ABA Routing #: 044000037<br>Account #: 632776159<br>Bank: Bank One,<br>      Columbus, Ohio 43271 | To: BlueLine International LLC.<br>Send to address:<br>**1029 Dublin Road**<br>**Columbus OH 43215**<br><br>          us. | You may put up to $2500 on<br>credit cards.<br>Please call us at<br>614-488-8094 to make<br>payment |

The total amount of this contract is $ *18,950* USD.

**This agreement begins with an initial payment of $** *6,632.50* USD. If the client halts work and applies by registered letter for a refund within 5 business days, to the founders of BlueLine International, LLC, 1029 Dublin Road, Columbus OH, 43215, phone (888) 485-0100, a $200 cancellation fee as well as work completed shall be billed at the hourly rate stated above, and deducted from the initial payment, the balance of which shall be returned to the client. If, at the time of the request for refund, $200 cancellation fee and work has been completed beyond the amount covered by the initial payment, the client shall be liable to pay for all work completed at the hourly rate of $39 plus the $200.00 cancellation fee. No portion of this initial payment will be refunded unless written application is made within 5 business days of signing this contract.

The undersigned agrees to the terms of this agreement on behalf of his or her organization or business.

**Authorized Signature Only**

Names: *BOB ILIS*

Sign: *[signature]*

Date: *June 10, 2005*

**BlueLine International LLC**
**Employer Identification #: 020667670**
**1029 Dublin Road**
**Columbus, OH 43215**
**Phone 888-485-0100 or (614) 488-8094**
**http://www.BlueLineIT.com**

# **<u>Exhibit D</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ILIS COMPUTER, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 07-285 JJF |
| v. | : | |
| | : | |
| BlueLine International LLC, | : | |
| | : | |
| Defendant. | : | |

**DECLARATION OF BOB ILIS**

I, Bob Ilis, being duly sworn according to law, state:

1.    I am the President and Chief Executive Officer of ILIS Computer, Inc. ("ILIS"), a company duly incorporated and existing under the laws of the State of Delaware.

2.    I am authorized to make this declaration on behalf of ILIS. I am over 21 years of age, and I have personal knowledge of the facts contained in this declaration and, where based upon information I have learned from others, is true and correct to the best of my belief and knowledge.

3.    The corporate offices for ILIS are, and at all times relevant to this lawsuit have been, in Wilmington, Delaware.

4.    I, and all employees of ILIS, work at the corporate offices in Wilmington, Delaware.

5.    ILIS entered into an agreement (the "Confidentiality Agreement") with BlueLine International, LLC ("BlueLine") on June 20, 2005.

6.    Under the Confidentiality Agreement, ILIS agreed to provide BlueLine with ILIS confidential information relating to certain trade secrets, ideas, inventions or products, and BlueLine agreed to assist ILIS in determining whether such intellectual property could be

developed, sold, manufactured, and/or joint ventured by the parties. The critical provisions of the Confidentiality Agreement include that BlueLine agreed to keep the ILIS proprietary information and trade secrets confidential.

7.     During negotiations with BlueLine regarding the Confidentiality Agreement and with other related matters, I received many telephone calls, emails and fax communications from BlueLine at ILIS' corporate offices in Wilmington, Delaware.

8.     In particular, BlueLine faxed the Confidentiality Agreement to me at ILIS' corporate offices in Wilmington, Delaware.

9.     I was originally introduced to BlueLine through its agent - BuyerZone (*see* www.buyerzone.com) - who solicited business on behalf of BlueLine via the Internet.

10.     Based upon my and my staff's research and investigation, we have determined that BlueLine has improperly allowed ILIS' confidential information to be publicly disclosed to third parties. The result of this has been real and tangible harm to the value of ILIS.

11.     More particularly, ILIS manufactures computer products, including desktop, laptop, and notebook computers, and has been working to develop a website to commercialize such products over the Internet.

12.     The concept and method of commercializing ILIS products whereby customers may acquire an ownership interest in ILIS are ILIS trade secrets and are highly confidential and proprietary to ILIS. Such trade secrets are a core value of ILIS.

13.     The ILIS website provides certain aspects and details about the ILIS proprietary concept and method of commercializing ILIS products.

14.     The public disclosure of at least portions of the ILIS website, and thus public disclosure of portions of ILIS' proprietary data has opened any ILIS trade secrets to attack of no

- 2 -

# 656245 v. l

longer being secret, and thus drastically reduced the value of the ILIS trade secrets, and thus the value of ILIS.

15.     Moreover, as part of my efforts to find and develop investor and funding resources for my company, I have been compelled to provide complete disclosure to such potential funding sources that certain ILIS proprietary information appears to have been improperly publicized by BlueLine.

16.     After such disclosure, I found that the amount of funding and investment in ILIS had substantially been reduced. Indeed, the ILIS price per share was reduced by at least 50%. In addition, I found that the funding sources who were investing in ILIS were also significantly reduced. Based upon my knowledge of the financial situation of ILIS, I believe that based upon the confidentiality issues caused by BlueLine, ILIS has incurred damages exceeding $250,000.00.

17.     Pursuant to 28 U.S.C. § 1748, I declare under penalty of perjury under the laws of the United States of America and the State of Delaware, that the foregoing is true and correct.

Dated:  July 19, 2007
Wilmington, Delaware

Bob Ilis

- 3 -

# 656245 v. 1