IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILIS COMPUTER, INC.,<br>a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLUELINE INTERNATIONAL, LLC,<br>an Ohio limited liability company,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 07-285-JJF |

**REPLY BRIEF OF DEFENDANT BLUELINE INTERNATIONAL, LLC IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER**

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendant BlueLine International, LLC

Dated: July 27, 2007

# TABLE OF CONTENTS

ARGUMENT. . . . . . 1

I. ILIS HAS NOT ESTABLISHED A BASIS FOR DIVERSITY JURISDICTION. . . . . . 1

II. THERE IS NO BASIS FOR THE ASSERTION OF PERSONAL JURISDICTION OVER BLUELINE. . . . . . 4

A. 10 DEL. C. §3104(C)(1). . . . . . 4

B. 10 DEL. C. §3104(C)(2). . . . . . 6

C. 10 DEL. C. §3104(C)(3). . . . . . 6

D. 10 DEL. C. §3104(C)(4). . . . . . 6

E. ILIS IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY. . . . . . 8

III. THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED IN LIGHT OF THE FORUM SELECTION CLAUSE BETWEEN THE PARTIES. . . . . . 9

CONCLUSION. . . . . . 11

# TABLE OF AUTHORITIES

## Cases

*Blue Ball Properties, Inc. v. McClain*, 658 F.Supp. 1310 (D. Del. 1987). . . . . . . . . . . . . . . . . . . . . 4

*CC Investors Corp. v. Raytheon Co.*, 219 F.R.D. 328 (D. Del. 2003).. . . . . . . . . . . . . . . . . . . . . . . 4

*In re Ricoh Corp.*, 860 F.2d 570 (11th Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Jumara v. State Farm Ins. Co.,* 55 F.3d 873 (3rd Cir. 1995).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Maurice Sternberg, Inc. v. James*, 577 F.Supp. 882 (N.D. Ill. 1984). . . . . . . . . . . . . . . . . . . . . . . . 4

*Mellon Bank East (PSFS), Nat'l Ass'n v. Farino*, 960 F.2d 1217 (3rd Cir. 1992). . . . . . . . . . . . . . 4

*Merck & Co., Inc. v. Barr Laboratories, Inc.*, 179 F.Supp.2d 368 (D. Del. 2002). . . . . . . . . . . . . . 4

*NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231 (7th Cir.), *cert. denied*, 515 U.S. 1103 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Orix Credit Alliance, Inc. v. Mid-South Materials Corp.*, 816 F.Supp. 230 (S.D.N.Y. 1993). . . 10

*Palace Exploration Co. v. Petroleum Dev. Co.*, 41 F.Supp.2d 427 (S.D.N.Y. 1998). . . . . . . . . . . 5

*Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988). . . . . . . . . . . . . . . . . . . . . . . . . . 10

*University Computing Co. v. Lykes-Youngstown Corp.,* 504 F.2d 518 (5th Cir. 1974). . . . . . . . . 1

## Other authorities

10 Del. C. §3104(c)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10 Del. C. §3104(c)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10 Del. C. §3104(c)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

10 Del. C. §3104(c)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. §1404.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

F.R.E. 801, 802. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## ARGUMENT

### I. ILIS HAS NOT ESTABLISHED A BASIS FOR DIVERSITY JURISDICTION.

In its opening brief, BlueLine established that, as ILIS' claim of damages is speculative and unsupported, ILIS has failed to satisfy the amount in controversy jurisdictional threshold necessary to establish diversity jurisdiction. (BlueLine Opening Brief ("BOB") 4-5).

ILIS responds with the affidavit of Bob Ilis, who makes three claims in support of jurisdiction. The first claim is that "[t]he public disclosure of at least portions of the ILIS website, and thus public disclosure of portions of ILIS' proprietary data has opened any ILIS trade secrets to attack of no longer being secret, and this drastically reduced the value of the ILIS trade secrets, and thus the value of ILIS." (ILIS Answering Brief ("IAB") Ex.¶14).

ILIS' complaint, however, does not allege that any trade secrets were contained in the proposed website. Rather, ILIS alleges that, in reviewing the code for the web site, ILIS discovered the names of several individuals who worked on the site, and concluded that by virtue of their having worked on the site, they were exposed to the alleged trade secrets, (Compl. ¶¶24-31).

Even assuming that the Court deems Mr. Ilis' declaration to be an amendment of the Complaint, there is no allegation that the trade secrets were exposed to the world at large, as opposed to those few parties who helped build ILIS' website.

Finally, in his declaration Mr. Ilis has not provided to the Court any rational basis from which it can conclude that damages would equal or exceed $75,000. First, as noted above, in the absence of any allegation of general publication to the world of the alleged trade secrets, there can be no claim that the value of the trade secret was been damaged or destroyed. *See University Computing Co. v. Lykes-Youngstown Corp.,* 504 F.2d 518, 536 n. 27 (5th Cir. 1974) (where defendant disclosed

trade secret to third party for purpose of assistance, there is no general publication damaging the value of trade secret). Indeed, in the absence of specific ascertainable injury to the plaintiff, the proper measure of damages is the benefit to the defendant, whether in the form of the defendant's profits from such use or a reasonable royalty. *Id.* at 536. As there is no allegation or suggestion that any alleged disclosure was for the purpose of BlueLine using the trade secret for financial gain, or that BlueLine used or attempted to use such trade secrets for financial gain, there is no basis for any damages, much less $75,000.

As ILIS' claim of damage resulting from loss of value is without factual foundation, and any dollar amount cannot be established beyond speculation, the alleged loss of value does not provide a basis for the Court to conclude that the amount in controversy requirement has been satisfied.

ILIS' second argument is that the cost of capital has increased*, i.e.,* ILIS' investors have reduced the amount of funding. (Ilis Decl. ¶¶15-16[1]). However, ILIS has failed to provide any factual evidence demonstrating that the cost of obtaining substitute funding from other sources would equal or exceed $75,000, or that ILIS cannot obtain substitute funding and so cannot proceed with its business, or must proceed at a diminished capacity which will result in quantifiable lost profits in the amount of $75,000 or more. ILIS' conclusory assertion, without demonstrating how the alleged injury reached the $75,000 threshold, is inadequate.

Third, ILIS claims that the value of its stock has decreased by at least 50%. (Ilis Decl. ¶16). ILIS offers no reasoning to support this conclusory assertion. ILIS does not state what the value of

---

[1] BlueLine objects to this testimony as inadmissible hearsay, as ILIS is representing what investors have told it. F.R.E. 801, 802.

its stock was before the alleged breach, how that value was arrived at, or how the alleged breach caused a reduction in share value of this privately-owned startup company.

Finally, ILIS complains that the alleged breach has caused a delay in launching ILIS business. (IAB 4). However, ILIS does not explain the causation element, does not provide any support for this statement, and does not provide any objective basis for the Court to conclude that the delay in starting this new business will result in a loss of profits in the amount of $75,000.

In short, although ILIS claims that "[t]he damages to ILIS' business caused by BlueLine are very much quantifiable" (IAB 5), ILIS has not quantified it, other than to pick a number out of thin air and state that that figure is the correct one.

The burden is on ILIS, as the party seeking to invoke federal jurisdiction, to establish the amount in controversy requirement is satisfied. *NLFC, Inc. v. Devcom Mid-America, Inc.*, 45 F.3d 231, 237 n.7 (7th Cir.), *cert. denied*, 515 U.S. 1103 (1995). ILIS has failed to establish any non-arbitrary, non-speculative methodology for measuring damages, much less any basis for concluding that damages equal or exceed the jurisdictional minimum. As such, subject matter jurisdiction does not exist, and this action should be dismissed.

## II. THERE IS NO BASIS FOR THE ASSERTION OF PERSONAL JURISDICTION OVER BLUELINE.

Whether or not subjecting BlueLine to personal jurisdiction in Delaware comports with due process (and it does not), ILIS is obligated first to establish that personal jurisdiction is authorized under one or more provisions of Delaware's long arm statute, 10 *Del. C.* §3104. *See CC Investors Corp. v. Raytheon Co.*, 219 F.R.D. 328, 329 (D. Del. 2003); *Merck & Co., Inc. v. Barr Laboratories, Inc.*, 179 F.Supp.2d 368, 372 (D. Del. 2002).

ILIS quotes the language of Section 3104 (IAB 6), but then goes on to ignore it entirely, focusing instead on the due process analysis. However, as noted above, the Long Arm and due process analyses are not compacted, and the alleged jurisdictional contacts must first satisfy the terms of Delaware's Long Arm statute before a due process analysis becomes necessary.

As demonstrated in BlueLine's opening brief, none of BlueLine's alleged jurisdictional contacts satisfies the mandatory requirements of the Long Arm statute.

### A. 10 DEL. C. §3104(C)(1).

As demonstrated in BlueLine's opening brief, precedent of this Court and the Third Circuit make clear that the formal acceptance of a contract in Delaware for services to be performed outside of Delaware, where the defendant was never physically present in Delaware, does not give rise to personal jurisdiction under either Section 3104(c)(1) or principles of due process. (BOB 7, citing *Mellon Bank East (PSFS), Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3rd Cir. 1992) (due process); *Blue Ball Properties, Inc. v. McClain*, 658 F.Supp. 1310, 1315 (D. Del. 1987) (Section 3104(c)(1)). *See also Maurice Sternberg, Inc. v. James*, 577 F.Supp. 882, 885-86 (N.D. Ill. 1984) ("while any contract involving an Illinois party inevitably involves contact with the state, that fact alone is

insufficient for jurisdictional purposes. A distinction must be drawn 'between the transaction of business in Illinois and the transaction of business with an Illinois corporation.' The fact that the Illinois plaintiff's part of the contract was to be performed in Illinois is not transacting business for jurisdictional purposes. The focus of the inquiry must be on the acts of the defendant to determine whether there has been a transaction of business. In the present case, therefore, the fact that plaintiff shipped the painting in question and performed its part of the bargain in Illinois is irrelevant for jurisdictional purposes. Defendant performed its part of the bargain in Nashville. These facts will not support long-arm jurisdiction in Illinois") (citations omitted).

ILIS does not address these authorities, thereby implicitly conceding the correctness of their application. Instead, ILIS cites a litany of "contacts" which, ILIS claims, justifies personal jurisdiction. None of these "contacts," however, are recognized in law as being sufficient to exert personal jurisdiction under the Long Arm statute.

For example, ILIS states that the agreement was faxed to Delaware and that BlueLine made "numerous" (albeit unspecified in number) telephone calls, faxes and e-mails to ILIS concerning the Confidentiality Agreement. (IAB 9-10). ILIS declines to state whether the communications were made regarding the negotiation or performance of the Confidentiality Agreement. The difference, however, is immaterial since such actions do not constitute the transaction of business under *Farino* and *McClain*. *See also Palace Exploration Co. v. Petroleum Dev. Co.*, 41 F.Supp.2d 427, 434 (S.D.N.Y. 1998) (faxes, telephone calls and e-mails in connection with a contract to be performed outside of New York does not constitute transacting business in New York, as is fact that the plaintiff executed contract in New York and the defendant initiated the contact with a New Yorker).

**B. <u>10 DEL. C. §3104(C)(2).</u>**

In its opening brief, Blueline demonstrated that the contracts at issue did not involve providing services or goods into Delaware, and so Section 3104(c)(2) may not be invoked to justify the assertion of personal jurisdiction over BlueLine. (BOB 7).

ILIS does not respond to this, thereby conceding the point.

**C. <u>10 DEL. C. §3104(C)(3).</u>**

In its opening Brief, BlueLine demonstrated that this provision of the Long Arm statute requires that the defendant commit a tortious act in Delaware while being physically present in Delaware. (BOB 8). ILIS does not respond to this, thereby conceding the point. Indeed, ILIS specifically notes in its list of alleged jurisdictional "contacts" that the injury runs to ILIS in Delaware (IAB 10), but does not list BlueLine committing any act in Delaware or being physically present in Delaware.

**D. <u>10 DEL. C. §3104(C)(4).</u>**

Finally, in its opening brief, BlueLine demonstrated that Section 3104(c)(4) is inapplicable because (i) ILIS has not asserted any tort claims, only breach of contract, (ii) any revenue generated is not tied to things used or consumed in Delaware, and (iii) money received for work creating websites for two customers in Delaware does not rise to the level of "continuous and substantial presence" or "substantial revenue." (BOB 9).

ILIS does not respond to the first two points, thereby conceding them. As to the third point, ILIS first points to BlueLine's website, which identifies "Locations where BlueLine has clients *and/or serves*" (IAB Ex. B, italics added), and lists several cities in Delaware (as well as numerous cities in other states). (IAB 10). However, the statement distinguishes having a client from serving

a general area. BlueLine serves (or, more accurately, is willing to serve) all of Delaware, and indeed all of the world. As of now, however, it has only two clients in Delaware, one of which is ILIS. (Bhuiyan Decl. ¶4; Supp. Bhuiyan Decl. ¶3). The references to other cities is a marketing statement to indicate that BlueLine is not limited geographically.[2]

Next, ILIS claims that BlueLine, through an agent, "solicits business and contracts on behalf of BlueLine with residents of the State of Delaware - located in the State - via the world wide web." (IAB 10 & Ex. D ¶9). This statement is inaccurate and misleading, as ILIS knows from its own experience. Neither BlueLine nor the "agent," BuyerZone.com, solicits directly, such as by initiating contact with the customer in Delaware (or anywhere else). BuyerZone.com has a website where it offers to provide quotes from various vendors. A visitor to the website, www.buyerzone.com, who seeks a particular product or service fills out an online form providing information about that visitor's needs. BuyerZone.com then contacts the visitor to confirm the request, then forwards the request to vendors of the particular goods or service in its network for bids. In this case, ILIS' application was forwarded to BlueLine. (Supp. Bhuiyan Decl. ¶4 & Ex. 1). As such, contrary to ILIS' suggestion, ILIS was not solicited in Delaware by BlueLine, directly or indirectly, but rather BlueLine was solicited by ILIS though BuyerZone.com over the Internet.

Given the limited revenue derived from Delaware, the fact that the revenue is derived from services performed outside of Delaware, and the fact that BlueLine did not solicit ILIS in Delaware

---

[2] BlueLine decided to list all of these cities is because it helps obtain a higher ranking on Internet search engines, which is necessary to successful e-commerce marketing. (Bhuiyan Supp. Decl. ¶3, Exhibit A hereto).

(but rather the other way around) and the fact that the claim is a contract claim, not a tort claim, Section 3104(c)(4) does not provide a basis for the exercise of personal jurisdiction.

### E. ILIS IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY.

As expected, ILIS requests jurisdictional discovery.[3] However, ILIS has not raised a non-speculative issue indicating a basis for the existence of jurisdiction. For example, ILIS states that "jurisdictional discovery is likely to make it clear beyond any doubt that jurisdiction in this District is not only proper, but mandated." (IAB 15). But ILIS does not explain why this is so.

What specific facts does ILIS expect to find? And what objective facts does ILIS have that makes it believe that such evidence is there? What facts does ILIS have in its possession to challenge the sworn statements of Mr. Bhuiyan? If ILIS has any such facts, why did it not cite to them in its brief?

Jurisdictional discovery should be premised on facts, not advocacy. Absent hard information, ILIS should not be permitted to subject BlueLine, a small company, to an expensive fishing expedition.

---

[3] In BlueLine's opening brief on this point there is a reference to a Mr. Christ. This is a transpositional error, and BlueLine apologizes for any confusion caused thereby.

## III. THIS ACTION SHOULD BE DISMISSED OR TRANSFERRED IN LIGHT OF THE FORUM SELECTION CLAUSE BETWEEN THE PARTIES.

In its opening brief, BlueLine demonstrated that (1) by the express terms of its Complaint, ILIS has admitted that its claim in this lawsuit is closely tied to the underlying contract for development of a website[4], and (2) where, as here, the language of a venue agreement is broad, it extends to extra-contractual claims where those claims arose directly or indirectly from the business relationship evidenced by the contract with a venue provision. Consequently, the choice of venue provision in the underlying agreement should encompass the claims in this action. (BOB 11-12).

ILIS does not make any effort whatsoever to address or refute these points. ILIS' silence speaks volumes, and that concession alone justifies the Court in dismissing this action.

ILIS instead argues that the balancing test of 28 U.S.C. §1404 must be applied. However, ILIS does not apply the correct method of analysis where, as here, there is a valid and applicable venue selection clause.

First, although ILIS places the burden of proof on BlueLine, as the parties have entered into a valid agreement with a forum selection clause, the burden shifts to ILIS to establish that venue is more proper here than in the forum to which the parties voluntarily agreed. *In re Ricoh Corp.*, 860 F.2d 570, 573 (11th Cir. 1989).

Although ILIS would prefer to ignore the contractual venue provision, the U.S. Supreme Court has stated that such a provision should be "a significant factor that figures centrally in the

---

4 Given the admission in ILIS' Complaint that the Confidentiality Agreement was entered into to facilitate BlueLine's performance under the website development contract (Compl. ¶15), the statement in ILIS' brief that "BlueLine's reference to the website development contract is simply not relevant to the Confidentiality Agreement or to this matter" (IAB 2) is not worthy of credit.

district court's calculus," *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), as it "represents the parties' agreement as to the most proper forum." *Id.* at 31.

Moreover, in light of the forum selection clause, ILIS' choice of Delaware is not entitled to any deference. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 880 (3rd Cir. 1995). Additionally, having consented to venue in Ohio, ILIS may not be heard to argue that Ohio is an inconvenient forum. *See Orix Credit Alliance, Inc. v. Mid-South Materials Corp.*, 816 F.Supp. 230, 234 (S.D.N.Y. 1993).

ILIS' claims that the cause of action arose in Delaware and that this is a "local" controversy are not supported by the facts. The alleged breach did not occur in Delaware. Any alleged breach occurred in Ohio, where BlueLine is located, operating and legally organized.

In light of the foregoing factors, all of which support transfer to Ohio, and the fact that the remaining factors are neutral, as ILIS concedes in its brief, the balance clearly tips in favor of dismissing this action or transferring it to Ohio.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, as well as the reasons stated in its opening brief, defendant BlueLine International, LLC respectfully requests that this Court either dismiss this action or, in the alternative, transfer it to the United States District Court for the Southern District of Ohio in its Columbus, Franklin County location.

Dated: July 26, 2007

Respectfully submitted,

/s/ David L. Finger

David L. Finger (DE Bar ID #2556)
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155
(302) 884-6766
Attorney for defendant BlueLine International, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILIS COMPUTER, INC.,<br>A Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLUELINE INTERNATIONAL LLC,<br>an Ohio limited liability company,<br><br>Defendant. | ) | C.A. No. 07-285 JJF |

**SUPPLEMENTAL DECLARATION OF TAREQ BHUIYAN**

1. My name is Tareq Bhuiyan. I am a member and manager of BlueLine International LLC, an Ohio limited liability company ("BlueLine"), and am authorized to make this supplemental declaration on its behalf. I am over twenty-one years of age, and have personal knowledge of the facts contained in this Declaration.

2. I understand that plaintiff ILIS Computer, Inc. ("ILIS") suggests that BlueLine has clients in Delaware beyond the two identified in my original declaration. This is false.

3. ILIS makes this erroneous assumption based on a statement on BlueLine's website that BlueLine "has clients and/or serves:" and then lists numerous cities, including several cities in Delaware. The use of the word "serves" along with "and/or" is intended to signify that BlueLine has the capacity to serve clients in those areas, even though BlueLine may not already have clients in those areas. This listing of all these cities was done purely for search engine optimization purposes. Placing a list of cities and states on our site increases the chances that the site will be identified by the major search engines (such as Google and Yahoo) and given a more favorable placement

because of the weight the search engines ascribe to certain words. BlueLine does not have any more customers than the two (ILIS and one other) in Delaware that I referred to in my earlier declaration.

4. ILIS also suggests that BlueLine, through its "agent" BuyerZone.com, solicited ILIS' business. This is incorrect, as ILIS well knows. BuyerZone.com, does not solicit directly, such as by initiating contact with the customer in Delaware (or anywhere else). BuyerZone.com has a website where it offers to provide quotes for from various vendors who offer products or services. A visitor to the website, www.buyerzone.com, who seeks a particular product or service fills out an online form providing information about that visitor's needs. According to BuyerZone.com, it verifies the request and contact information of each prospective buyer, and then forwards the request to vendors of the particular goods or service in its network for bids. In this case, ILIS' application/lead was forwarded to BlueLine by BuyerZone.com. A true and correct copy of ILIS' application/lead is attached hereto as Exhibit 1.

5. I declare under penalty of perjury under the laws of the United States and the State of Delaware, pursuant to 28 U.S.C. §1748, that the foregoing is true and correct. Executed on this 25th day of July, 2007 in Columbus, Ohio.

Tareq Bhuiyan

**tbhuiyan@bluelineit.com**

**From:** leads@buyerzone.com
**Sent:** Tuesday, May 10, 2005 4:19 PM
**To:** info@bluelineit.com
**Subject:** BuyerZone.com E-Commerce Services Lead - #1130736

Dear BlueLine International Consulting LLC,

The following information is a quote request from a BuyerZone.com buyer for E-Commerce Services. Please be sure to:

1. Review the buyer's purchasing requirements.
2. Contact the buyer within 2 business days.
3. Mention that you received their request from BuyerZone.com.

==========================================================

BUYER INFORMATION

----------------------------------------------------------

Name: Bob Ilis
Title: CEO/President/Owner
Company: ILIS Compter Inc.
Company Size: 1-9
Industry Type: Computers/Internet/IT
Address: 1303 Delaware Avenue
Location: Wilmington, Delaware 19806*
Phone number: 302 345 6974
Email: bobilis@gmx.ch

*Please note: This address may be different than the address in which the buyer is looking to purchase a product or service.
We match leads to suppliers based on the zip code in the Request for Quote below.

==========================================================

REQUEST FOR QUOTE

----------------------------------------------------------

Type of service needed: Design of an entirely new ecommerce website
Buyer's current ecommerce needs: New bus. setting budget
Functionalities user is interested in: Catalog search, Credit card processing, E-mail notification/invoices, Inventory management, Order/customer tracking, Secure checkout & order processing
Number of individual products (SKUs) user wants to sell online: 1,000-4,999
Has buyer already arranged for/secured site hosting services: Yes
Timeframe for completion of the project: In two weeks
Total estimated budget: $2,500 - 4,999
Buyer's current URL:
User's office location: 19806
Additional requirements:

==========================================================

Questions? E-mail custcare@buyerzone.com or call (888)393-5000.