**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ILIS COMPUTER, INC., Plaintiff, v. BlueLine International, LLC, Defendant. | : | CIVIL ACTION NO. 07-285 JJF |

**MOTION OF ILIS COMPUTER, INC., SEEKING**
**<u>LEAVE TO FILE A SUR REPLY BRIEF</u>**

Plaintiff, ILIS Computer, Inc. ("ILIS" or "Plaintiff"), by and through its undersigned counsel, hereby moves this Court for leave to file a short sur reply brief to clarify the law and record facts at issue in the pending motion of defendant BlueLine International, LLC ("BlueLine") to dismiss or transfer this matter.

1. On July 5, 2007, BlueLine filed and served its Motion for Leave To Appeal in Forma Pauperis, Motion to Dismiss for Improper Venue, Motion to Dismiss for Lack of Jurisdiction Over the Person, Motion to Dismiss for Lack of Jurisdiction Over the Subject Matter, Motion to Transfer Case to U.S. District Court for the Southern District of Ohio (the "BlueLine Motion"). (D.I. 4 - 5, 7/5/07)

2. On July 19, 2007, ILIS filed and served its Response of ILIS Computer, Inc., in Opposition to Motion of BlueLine International, LLC, to Dismiss or Transfer (the "ILIS Response"). (D.I. 6, 7/19/07)

3. On July 26, 2007, BlueLine filed and served its Reply Brief of Defendant BlueLine International, LLC, in Support of its Motion to Dismiss or Transfer (the "BlueLine Reply"). (D.I. 7, 7/26/07)

4. Upon a review of the BlueLine Reply, ILIS contends that BlueLine has misstated the applicable and relevant law, and has failed to acknowledge or has confused the record facts relating to the personal and subject matter jurisdiction issues before the Court.

Accordingly, ILIS respectfully requests leave of the Court to file a short sur reply brief to clarify the record facts and applicable law at issue. A copy of the proposed sur reply brief is attached hereto as Exhibit A.

Respectfully submitted,

Stradley Ronon Stevens & Young, LLP

Dated: August 2, 2007

Michael P. Migliore

Kevin W. Goldstein (DE Bar # 2967)
Michael P. Migliore (DE Bar # 4331)
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: (302) 576-5850
Facsimile: (302) 576-5858

Attorneys for Plaintiff
ILIS Computer, Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ILIS COMPUTER, INC., | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 07-285 JJF |
| v. | : | |
| BlueLine International, LLC, | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this ______ day of ___________ 2007, upon consideration of the Motion of ILIS Computer, Inc. Seeking Leave To File A Sur Reply Brief filed by plaintiff ILIS Computer, Inc. (the "Sur Reply Motion"), the response of defendant BlueLine International, LLC, and any argument of counsel,

IT IS HEREBY ORDERED that plaintiff's Sur Reply Motion is hereby granted, and the Sur Reply Brief of plaintiff Ilis Computer, Inc. attached to the Sur Reply Motion as Exhibit A should be filed and docketed in this matter.

_______________________________
The Honorable Joseph J, Farnan, Jr.
United States District Court Judge

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Motion of ILIS Computer, Inc. Seeking Leave To File A Sur Reply Brief* with supporting documents was filed electronically and was served upon the following counsel of record on August 2, 2007 using the ECF System of the U.S. District Court for the District of Delaware.

David L. Finger, Esquire
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155

Michael P. Migliore

Michael P. Migliore

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ILIS COMPUTER, INC., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 07-285 JJF |
| v. | : | |
| | : | |
| BlueLine International, LLC, | : | |
| | : | |
| Defendant. | : | |

**SUR REPLY BRIEF OF ILIS COMPUTER, INC.**
**IN FURTHER OPPOSITION TO MOTION OF**
**<u>BLUELINE INTERNATIONAL, LLC TO DISMISS OR TRANSFER</u>**

Kevin W. Goldstein (DE Bar # 2967)
Michael P. Migliore (DE Bar # 4331)
Stradley Ronon Stevens & Young, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: (302) 576-5850
Facsimile: (302) 576-5858

Attorneys for Plaintiff,
ILIS Computer, Inc.

Dated: August 2, 2007

# TABLE OF CONTENTS

ARGUMENT ....................................................................................1

(1) ILIS has Satisfied the Legal Standard of this Circuit to Establish the Minimum "Amount in Controversy" Necessary Under 28 U.S.C. § 1332......1

(2) The Record Evidence Fully Supports The Court's Exercise of Personal Jurisdiction Over BlueLine....................................................3

(a) BlueLine's Website Is An Admission of BlueLine's Marketing Directed Towards Delaware .....................................................5

CONCLUSION....................................................................................6

# TABLE OF AUTHORITIES

## CASES

*Boone v. Oy PartekAb*,
724 A.2d 1150 (Del. Super. Ct. 1997) .......... 6

*Columbia Gas Transmission Corp. v. Tarbuck*,
62 F.3d 538 (3d Cir. 1995) .......... 2

*LaNuova D & B S.p.A. v. Bowe Co.*,
513 A.2d 764 (Del. 1986) .......... 6

*Nelson v. Keefer*,
451 F.2d 289 (3d Cir. 1971) .......... 2

*Siemens Aktiengesellschaft v. LG Semicon Co., Ltd.*,
69 F. Supp. 2d 622 (D. Del. 1999) .......... 6

*Spectacor Mgmt. Group v. Brown*,
131 F.3d 120 (3d Cir. 1997) .......... 2

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*,
303 U.S. 283, 58 S. Ct. 586 (1938) .......... 1, 2

*Suber v. Chrysler Corp.*,
104 F.3d 578 (3d Cir. 1997) .......... 2

*Thorn EMI N. Am. v. Micron Tech., Inc.*,
821 F. Supp. 272 (D. Del. 1993) .......... 5

## STATUTES

10 *Del. C.* § 3104(c) .......... 4, 5

## CODES

28 U.S.C. § 1332 .......... 1, 3

## ARGUMENT

ILIS Computer, Inc., ("ILIS") submits this sur reply brief to specifically clarify two points raised by BlueLine in its reply brief ("Reply"). First, BlueLine misstates or ignores the proper standard, under the law of this Circuit, for establishing jurisdictional amount or the "amount in controversy" necessary for subject matter jurisdiction. Second, for some unexplained reason, BlueLine fails to acknowledge the allegations and facts set forth by ILIS in its Complaint and *Response of ILIS Computer, Inc. in Opposition to the Motion of BlueLine International LLC to Dismiss or Transfer* ("Response") (and supporting *Declaration of Bob Ilis*, the "Declaration"), which more than adequately establish that this Court can and should exercise personal jurisdiction over BlueLine.

### (1) ILIS has Satisfied the Legal Standard of this Circuit to Establish the Minimum "Amount in Controversy" Necessary Under 28 U.S.C. § 1332

BlueLine argues in its Reply that ILIS has not met its burden of pleading the minimum "amount in controversy" necessary for this Court to exercise subject matter jurisdiction over BlueLine.[1] BlueLine however either misunderstands or has misstated the law of this Circuit. Indeed, the law is abundantly clear, that as a general rule, the "amount in controversy" is determined from the good faith allegations appearing on the face of the complaint. *See*, *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S. Ct. 586, 589-90 (1938). As plainly stated by the U.S. Supreme Court, "[a] complaint will be deemed to satisfy the required amount in controversy unless the *defendant can show to a legal certainty* that the plaintiff cannot

---

[1] For purposes of clarifying the record, BlueLine attempts to limit ILIS' damages by narrowing the scope of BlueLine's improper disclosure of ILIS' confidential information to only third-party contractors of BlueLine. However, upon a closer read of ILIS' Complaint and Response, BlueLine would have noted that ILIS alleged that BlueLine allowed ILIS' confidential information to be accessed by and disclosed to "third parties" and "to the public." *See,* Complaint at ¶¶ 2, 3, 23, 26, 29-32; *see also,* Response at 2 - 5.

recover that amount." *Id.* at 289, 58 S. Ct. at 590 (emphasis added); *see also*, *Spectacor Mgmt. Group v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997).

More specifically, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear *to a legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury* at 288-89, 58 S. Ct. at 590 (emphasis added) (footnotes omitted); *see also*, *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (where the Third Circuit held that "dismissal is appropriate only if the federal court is certain that the jurisdictional amount cannot be met"); *Nelson v. Keefer*, 451 F.2d 289, 292-93 (3d Cir. 1971).

In this case, ILIS pled in good faith in its Complaint that ILIS has suffered damages in excess of $250,000 as a result of BlueLine's conduct and improper actions. Thereafter, as part of its Response and supporting Declaration of Bob Ilis, ILIS further supported its claim of damages by providing additional explanation and facts identifying and substantiating the damages incurred by ILIS at the time the Complaint was filed (and which such damages continue to accrue today).

Accordingly, and as required by the law of this Circuit, ILIS has met its burden of alleging the jurisdictional amount by pleading in good faith that its damages exceeded $75,000 when it filed its Complaint and continue to build today. By comparison, BlueLine's unsupported and baseless argument that ILIS must put forth more evidence is, in simple terms, contrary to the law of the Third Circuit. ILIS has produced sufficient facts to support its claim for damages.

Indeed, it is not ILIS' burden to unquestionably prove its damages at these very beginning stages of this litigation. It is instead, although BlueLine fails to acknowledge as such,

BlueLine's very substantial burden - to a legal certainty – to show that ILIS cannot recover more than $75,000. BlueLine has not attempted to meet this burden, and instead relies on no more than speculation and conjecture. BlueLine falls very short of meeting its burden. Accordingly, ILIS' allegations of jurisdictional amount, presented in good faith, are sufficient to meet the "amount in controversy" necessary under § 1332.

**(2) The Record Evidence Fully Supports**
**<u>The Court's Exercise of Personal Jurisdiction Over BlueLine</u>**

BlueLine argues in its Reply that ILIS has conceded several arguments relevant to personal jurisdiction. BlueLine appears to have misread, or not read ILIS' filings. In its Complaint, Response, and Declaration, ILIS has alleged numerous facts to support this Court's exercise of personal jurisdiction over BlueLine. While BlueLine argues in its Reply that it simply entered into a contract with ILIS (a Delaware resident), nothing more, nothing less, BlueLine is ignoring the detailed pleadings showing substantially more conduct and contacts by BlueLine for the past two years in Delaware.

Although ILIS need only allege facts sufficient to establish personal jurisdiction under any one of the four Long Arm provisions of 10 Del. C. §§ 3104(c)(1) - (4), ILIS has alleged and properly pled, in detail, numerous facts sufficient to demonstrate that the exercise of personal jurisdiction over BlueLine is appropriate under each of the four provisions of § 3104(c).

By way of summary, with respect to §§ 3104(c)(1) and (2), ILIS alleged in its pleadings that:

- BlueLine entered into contracts to supply services to at least two Delaware residents (*see,* Response at 2, 9-10, 15);

- pursuant to these contracts, BlueLine has continuously for two years transacted business in Delaware (*see,* Complaint at ¶ 8; *see also*, Response at 3, 9-10, 15); and

- under these contracts BlueLine has received substantial revenues. *See*, Response at 9-10, 15; Declaration of Tareq Bhuiyan (admitting that BlueLine has 2 clients in Delaware, that BlueLine has contracts with these clients, that BlueLine has been transacting business for over 2 years in Delaware, and that, in the most recent full fiscal year, BlueLine received more than 5% of its total company revenues from ILIS alone). In relation to the immediately preceding points, *see*, *Thorn EMI N. Am. v. Micron Tech., Inc.*, 821 F. Supp. 272, 274 (D. Del. 1993) ("conduct that is part of a general business plan [, as here with BlueLine,] to solicit business in Delaware and deliver products to customers in Delaware" properly gives rise to personal jurisdiction.)

With respect to §§ 3104(c)(3) and (4), ILIS alleged in its pleadings that:

- BlueLine was under an obligation, pursuant to the Confidentiality Agreement, to prevent improper disclosure of ILIS' confidential and proprietary information (*see, e.g.*, Complaint at ¶¶ 3-4; *see also, e.g.*, Response at 2, 9);

- BlueLine's acts and omissions committed in Delaware and outside of Delaware permitted the improper public disclosure of ILIS' proprietary information, and BlueLine misused ILIS' proprietary information causing tortious injury to ILIS (*see, e.g.*, Response at 2, 3, 4, 5, 10);

- BlueLine regularly has been doing business in Delaware for over 2 years (*see, e.g.*, Response at 4, 10, 15; Complaint at ¶ 15; *see also, e.g.*, Declaration of Tareq Bhuiyan);

- BlueLine has been directly marketing to the State of Delaware through its website (*see, e.g.*, Response at 3); and

- BlueLine has derived, in its most recent full fiscal year, more than 5% of its total revenues from ILIS alone, which is a very substantial portion of total revenues (*see, e.g.*, Response at 9-10, 15; *see also*, Declaration of Tareq Bhuiyan). In relation to the immediately

preceding points, *see*, *LaNuova D & B S.p.A. v. Bowe Co.*, 513 A.2d 764, 768 (Del. 1986) (where personal jurisdiction is asserted on a specific jurisdictional basis, even a single transaction is sufficient if the claim has its origin in the asserted transaction).

Accordingly, and contrary to BlueLine's misread of the record, ILIS has sufficiently demonstrated that the exercise of personal jurisdiction by this Court is appropriate under Delaware's Long Arm statute.

**(a) BlueLine's Website Is An Admission of BlueLine's Marketing Directed Towards Delaware**

BlueLine's attempt to explain away the BlueLine website advertising and marketing statements is first incredible and, second, does nothing to help BlueLine's position. More specifically, BlueLine concedes in its Reply and in the *Supplemental Declaration of Tareq Bhuiyan* that BlueLine advertises on its website that BlueLine "has clients and/or serves" in numerous cities throughout the entirety of Delaware. *See*, Exhibit B to ILIS' Response. BlueLine's "explanation" is that "[t]he references to other cities is a ***marketing statement to indicate that BlueLine is not limited geographically.***" *See*, Reply at 4 (emphasis added).

Even assuming, as acknowledged by BlueLine, that BlueLine's advertising is false and that BlueLine *does not* have clients or *does not* provide services in 7 cities throughout Delaware, BlueLine has now admitted that BlueLine intentionally has been marketing to Delaware citizens and/or has "an intent or purpose to serve the Delaware market with [its] product." *Boone v. Oy PertekAb*, 724 A.2d 1150, 1158 (Del. Super. Ct. 1997); *Siemens Aktiengesellschaft v. LG Semicon Co., Ltd.*, 69 F. Supp. 2d 622 (D. Del. 1999).

Such directed marketing of goods and/or services by BlueLine goes to the essence of personal jurisdiction: Did defendant BlueLine purposefully avail itself of the rights and benefits of the State of Delaware such that it should reasonably have anticipated being haled into a

Delaware court? Given the record facts and BlueLine's admission, the answer is an emphatic "yes."

**CONCLUSION**

For the foregoing reasons set forth herein, and as further supported by ILIS' Complaint, Response and Declaration of Bob Ilis, ILIS respectfully requests that the Court deny BlueLine's *Motion to Dismiss or Transfer*, and schedule this matter for discovery and trial preparation.

Dated: August 2, 2007

Respectfully submitted,

/s/ Michael P. Migliore

Stradley Ronon Stevens & Young, LLP
Kevin W. Goldstein (DE Bar # 2967)
Michael P. Migliore (DE Bar # 4331)
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: (302) 576-5850
Facsimile: (302) 576-5858

Attorneys for Plaintiff,
ILIS Computer, Inc.