IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ILIS COMPUTER, INC., <br> A Delaware corporation, <br><br> Plaintiff, <br><br> <br><br> BLUELINE INTERNATIONAL, LLC, <br> an Ohio limited liability company, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 07-285 JJF <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ANSWERING MEMORANDUM OF DEFENDANT BLUELINE INTERNATIONAL, LLC IN OPPOSITION TO ILIS COMPUTER, INC.'S MOTION SEEKING <u>LEAVE TO FILE A SUR-REPLY BRIEF</u>**

Defendant BlueLine International, LLC ("BlueLine") hereby objects to the Motion of ILIS Computer, Inc. ("ILIS") Seeking Leave to File a Sur-Reply Brief (the "Motion"), and in support thereof states as follows:

1. Pursuant to Local Rule 7.1.2(b), other than an opening, answering and reply brief, "[e]xcept for the citation of subsequent authorities, no additional papers shall be filed absent Court approval." As such, it was improper for ILIS to attach its proposed sur-reply brief as an exhibit before obtaining court approval.

2. "Surreplies and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters and only permits pleadings beyond Local Rule 7.1 in exceptional or extraordinary circumstances." *Lacher v. West,* 147 F.Supp.2d 538, 539 (N.D. Tex.2001).

3.      "Although the Court may in its discretion permit the filing of a surreply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Fedrick v. Mercedes-Benz USA, LLC,* 366 F.Supp.2d 1190, 1197 (N.D. Ga.2005).

4.      ILIS does not point to any new arguments (as there were none) or respond to any new authorities in BlueLine's reply brief. Indeed, all ILIS does is reiterate arguments made in it answering brief, and claim that "BlueLine has missstated the applicable and relevant law, and has failed to acknowledge or has confused the record facts relating to the personal and subject matter jurisdiction issues before the Court." (Motion ¶4).

5.      Of course, BlueLine takes strong objection to the above-quoted statement. In any event, the Court has the record before it and is able to determine what the law is, and apply the law to the facts, without ILIS' further assistance. As such, ILIS' sur-reply is nothing more than "a strategic effort by the nonmovant to have the last word...." *Lacher,* 147 F.Supp.2d at 539. This should not be countenanced.

WHEREFORE, for the foregoing reasons, defendant BlueLine International, LLC respectfully requests that the Court deny the motion of plaintiff ILIS Computers, LLC Seeking Leave to File a Sur-Reply Brief

Dated: August 3, 2007

                                             Respectfully submitted,

                                             /s/ David L. Finger
                                            David L. Finger (DE Bar ID #2556)
                                            Finger & Slanina, LLC
                                            One Commerce Center
                                            1201 Orange Street, Suite 725
                                            Wilmington, DE 19801-1155
                                            (302) 884-6766
                                            Attorney for defendant BlueLine International, LLC