IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ILIS COMPUTER, INC., | : | |
| Plaintiff, | : | CIVIL ACTION NO. 07-285 (JJF) |
| v. | : | |
| BLUELINE INTERNATIONAL, LLC, | : | |
| Defendant. | : | |

**REPLY OF ILIS COMPUTER, INC. IN FURTHER SUPPORT OF ITS
MOTION SEEKING LEAVE TO FILE A SUR REPLY BRIEF**

Plaintiff ILIS Computer, Inc. ("ILIS") hereby submits this very short reply to the *Answering Memorandum Of Blueline International LLC in Opposition to ILIS Computer, Inc.'s Motion Seeking Leave to File a Sur Reply Brief.* (the "BlueLine Response") (D.I. 9, 8/3/07).

In its Response, BlueLine International, LLC ("BlueLine") objects to the request of ILIS to submit a short corrective sur reply brief relating to the pending BlueLine motion to dismiss. Yet BlueLine has failed to provide any substantive explanation for its prior misstatement of the appropriate law, and for its ignoring of the record facts other than to pass the ball and suggest that the Court can figure it out. ILIS believes the system works more efficiently if the parties provide as much candid assistance to the Court as possible by citing to the Court the most applicable known controlling authority and citing to or at least acknowledging the relevant and applicable record facts.

For example, BlueLine, in its *Reply Brief of Defendant BlueLine International, LLC, in Support of its Motion to Dismiss or Transfer* (the "Reply"). (D.I. 7, 7/26/07) cites to 5th Circuit and 7th Circuit caselaw in support of its "amount in controversy" argument under 28 U.S.C. § 1332. BlueLine did not, however, cite to, or even attempt to distinguish relevant and controlling Third Circuit case law that is directly on point on this issue. Maybe BlueLine did not know about this controlling Third Circuit case law, or the similar U.S. Supreme Court case law, both of

which are provided in the ILIS proposed Sur Reply Brief. Accordingly, one reason ILIS is seeking to submit a corrective sur reply brief is to assist the Court and point out, in its view, the most relevant controlling case law for this (Third) Circuit that is directly on point on the issue of minimum "amount in controversy" under § 1332. *See, e.g., Hartford Fire Ins. Co. v. Pettinaro Constr. Co., Inc., et al.*, C.A. No. 91-702 (SLR), 1993 WL 152076, *3 (Feb. 10, 1993) (granting sur reply to allow party to respond to supporting points of law raised for the first time in a reply memorandum).

With respect to the issue of personal jurisdiction to be exercised over BlueLine, BlueLine argued in its Reply that ILIS had conceded certain legal points. Nothing could be further from the truth. As such, another reason ILIS is seeking to submit its corrective sur reply brief is to clarify the appropriate record facts where ILIS plainly alleged the multitude of continuous and substantial contacts as between BlueLine and Delaware over at least the past two years.

Finally, BlueLine's attempt in its Reply (and attached Supplemental Declaration of Tareq Bhuiyan) to explain away BlueLine's website advertising are completely new arguments that are first, incredible, and second, not supportive of BlueLine's position. Accordingly, a third reason that ILIS is seeking to submit its sur reply brief is to address the newly submitted declaration of Mr. Bhuiyan, and to point out the flawed reliance on such arguments by BlueLine. *See, In Re ML-Lee Acquisition Fund II, L.P. and ML-Lee Acquisition Fund (Ret. Accounts) II, L.P. Sec. Litig.*, C.A. No. 92-60 (JJF), 848 F. Supp. 527, 566, n. 28 (D. Del. 1994) (determining it appropriate for a party to file a sur reply so that the party has an opportunity to respond to "new" arguments raised in a reply); *see also, Acierno v. Cloutier, et al.*, C.A. No. 92-385 (SLR), 1993 WL 215133, *1 (D. Del. June 9, 1993) (same)

- 3 -

ILIS contends that logic and fairness dictate that ILIS be permitted to point out these inaccuracies to the Court so as to provide a more accurate and complete record of the law and facts to the Court. *See, generally, Montgomery Ward & Co., Inc., and Reliance Ins. Co. v. Colonial Penn Franklin Ins. Co.*, C.A. No. 01-421 (JJF), 344 B.R. 256 (D. Del. 2006).

For these reasons, as further supporting the arguments and analysis presented in ILIS' opening brief, ILIS respectfully requests that the Court grant ILIS' motion seeking leave to file a short sur reply, and enter the proposed Sur Reply into the record to clarify the record facts and applicable law at issue.

Respectfully submitted,

Stradley Ronon Stevens & Young, LLP

Dated: August 6, 2007

_____
Kevin W. Goldstein (DE Bar #2967)
Michael P. Migliore (DE Bar #4331)
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: (302) 576-5850
Facsimile: (302) 576-5858

Attorneys for Plaintiff,
ILIS Computer, Inc.

B # 665206 v.1

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Reply of ILIS Computer, Inc. In Further Support Of Its Motion Seeking Leave to File a Sur Reply Brief* was filed electronically and was served upon the following counsel of record on August 6, 2007 using the ECF System of the U.S. District Court for the District of Delaware.

David L. Finger, Esquire
Finger & Slanina, LLC
One Commerce Center
1201 Orange Street, Suite 725
Wilmington, DE 19801-1155

_____
Michael P. Migliore

B # 665206 v.1